☒ FILED    ☐ LODGED

**Jan 09 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Lamont M. Adams /A.D.C# 200957
Name and Prisoner/Booking Number

A.S.P.C-Tucson / Cimarron
Place of Confinement

P.O Box 24409
Mailing Address

Tucson, Arizona 85734
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Lamont M. Adams ,
(Full Name of Plaintiff)

                    Plaintiff,

v.

(1) Det. Medrano  E.P.D ,
(Full Name of Defendant)

(2) Lt. Freetag    A.D.C/corecivic,

(3) A.D.W B. Burgess  A.D.C ,

(4) Julie bowers    A.D.C ,

                    Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. **CV-24-00056-PHX-SRB (ASB)**
_____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

1-A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

CONTINUENCE defendants:

(5) J. Barreras, Appeals Administrator (A.S.P.C

(6) Sgt. Lohr (A.D.OC)

(7) COII Thaibaux (A.S.P)

(8) COII Garcia (A.S.P )

(9) CO4 Gene, Thorne (A.SP )

(10) Carol Daniels (A.S.P)

(11) Julie Bowers, Operations Appeals Administrator (A.S.P)

(12)              Warden Eyman Complex (A.S.P)

(13) D.W        Freeland (A.S.P)(Corecivic)

(14) Cheif of Staff White    (corecivic LaPalma)

(15) Warden                (Corecivic LaPalma)

(16) AThornell, Ryan F. Director (A.S.P

2                                    1 - B

(17) Arizona Department of Corrections

(18) Corecivic

(19) COIV Krishna Millhoff

(20) COII Flowell #10248

(21) Thornell, Ryan F. Director

(22) Chief Raez  Corecivic

(23) Warden Davis

## B.  DEFENDANTS

1.    Name of first Defendant: _Detective Medrano_____. The first Defendant is employed
as: _Detective for the ELOY Police Department_ at _Corecivic / ELOY Police Department_.
             (Position and Title)                                       (Institution)

2.    Name of second Defendant: _Lt. Free tag_____. The second Defendant is employed as:
as: _Lt. Freetag / Disciplinary hearing officer_ at _Arizona Department of Corrections / Corecivic_.
             (Position and Title)                                       (Institution)

3.    Name of third Defendant: _B. Burgess_____. The third Defendant is employed
as: _A.D.W_____ at _A.S.P.C  SMU | EYMAN_.
             (Position and Title)                                       (Institution)

4.    Name of fourth Defendant: _Julie Bowers_____. The fourth Defendant is employed
as: _Operations Appeals Administrator_ at _Arizona Department of Corrections_.
             (Position and Title)                                       (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?      ☐ Yes     ☑ No

2.    If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2-A

5. Name of fifth Defendant: J. Barreras. The fifth defendant is employed as: Appeals Administrator at The Arizona Department of Corrections.

6. Name of sixth Defendant: Sgt. Lohr. The sixth defendant is employed as: Sergeant at The Arizona Department of Corrections (SMU)

7. Name of seventh defendant: Thibeaux #8982. The seventh defendant is employed as: COII at The Arizona State Prison (SMU)

8. Name of eighth defendant: GARCIA. The eighth defendant is employed as: COII at The Arizona Department of Corrections (SMU).

9. Name of ninth defendant: Gene, Thorne. The ninth defendant is employed as: CO4 at The Arizona Department of Corrections (SMU).

10. Name of tenth defendant: Carol Daniels. The tenth defendant is employed as: Julie Bowers at The Arizona Department of Corrections

11. Name of ~~eleventh~~ defendant: Julie Bowers.

11. Name of the eleventh defendant: Julie Bowers. The eleventh defendant is employed as: Operations Appeals Admin at The Arizona Department of Corrections.

12. Name of the twelfth defendant: _____. The twelfth defendant is employed as: Warden at The Arizona Department of Corrections Eyman Complex.

3                                    2-B

13. Name of the thirteenth Defendant: ~~Jeffrey Freeland~~. The thirteenth defendant is employed as: Deputy Warden Lead Contract Monitor LA-PALMA for the Arizona State Department of Corrections.

4. Name of the fourteenth defendant: White. The fourteenth defendant is employed as: The Cheif of ~~Staff at the time~~ at Corecivic / La Palma

5. Name of the fifteenth defendant: Howard    The fifteenth defendant is employed as: Warden    at Corecivic / La Palma.

16. Name of the Sixteenth defendant: Corecivic. The sixteenth defendant is employed as: The ~~Arizona~~ defendants work for. Department of corrections director

17. Name of the seventeenth defendant: ELOY Police Department. The seventeenth defendant is employed as: The Entity Det Medrono works for.

8. Name of the eighteenth defendant: ~~The Arizona Department of Corrections~~. the eighteenth entity is employed as: The ~~Entity some of the defendants are~~ ~~employed or work for.~~

9. Name of the nineteenth defendant: COIV Krishna, Millhoff. The nineteenth is employed as: The COIV at Tucson-Cimarron Unit for the A.S.P.C.

20. Name of the twentieth defendant: COII Flowell #10248. The twentieth defendant is employed as: COII at SMU I A.S.P.C.

2-C

21. Name of the twenty first defendant: Thornelly Ryan F. Director
    The twenty first defendant is employed as: The Director

22. Name of the twenty second defendant: Chief of security Raez
    The twenty second defendant is employed as: Chief of staff for core civic

23. Name of the twenty third Defendant: Warden Davis. The twenty third
defendant is employed as: Warden for SMU 1 Eyman Unit.

5

2-D

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: The 5th Amendment, 14th Amendment the 5th Amendment applies to federal action and the 14th Amend violation applies to state action.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☑ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Due to the information giving to Detective Medrano #556 on May 9th 2023 and his two constituents one with a K9. On 3-5-23 I submitted an inmate letter requesting all the names and badge #'s of SSU and the two people that worked count movement for the last yr to the Warden/Deputy Warden and Ass. Deputy Warden of the A.D.OC/CoreCivic to programs at La Palma 4 side which is in Contract with the Arizona Department of Corrections. The inmate letter consisted with SSU working with prison organizations to orchestrate dominant numbers for a certain race. The people of African heritage are denied moves even though it is non-political, non-financial or gain for numbers to be dominant amongst other races these moves requested pertaining to elders with wheelchairs or people who had deaths in the family i.e physically in need or mental in need to help be stable with people positive in character as long as their compatible. To avoid complications and keep them stable mentally and physically. These issues are denied. When the Mexicans request moves it gets done with no problem for political gain against the African Americans. In a political, bias and racist environment with the help of SSU they orchestrate the process to cut number the blacks: i) Jobs; and house residence. They who are suppose to be STEP DOWNS get to move every one they want in and out of cells and pods for their own protection and political gain with the help of the D.O.C. neglecting the racially based policy violating DO 704; 13.0 and DO 806. Since I moved from Central Unit to La Palma, my cellmate and I was housed in a corner of the top tier in Apache Deta.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Det. Medrano #556 left all this information out of his report making it unduly restrictive requiring such facts be excluded violating my due process and to coercive such evidence not to be in the administrative record to protect corruption. Det. Medrano intentionally left out the information.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☑ Yes     ☐ No
   b. Did you submit a request for administrative relief on Count I?     ☑ Yes     ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?     ☑ Yes     ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

1-A

# D. CAUSE OF ACTION

## COUNT 1

Continuance

cell 220. From cell 215-232 besides two whites in 214 (cell) are all Mexicans with my cell mate and I being the only two blacks being left to defend ourselves against 28 Mexicans if a riot broke out. Cell mate Mceing #232293 moved out, for about 4 months I was in cell 220 all by myself in that corner on 3-5-23 I put in the inmate letter about this situation to the the Warden, Deputy Warden and Ass. deputy Warden and never received a response for intentionally jeopardizing my security. Two months later on May 9th 2023 my cell was searched and a weapon was found by Detective Medrano #556. I explained to detective Medrano and his two constituents (one with a K9) bout why a weapon was found which consist of the information on form 916-1 3-5-23. Must I not for the last 5 years my cell has been searched and never has been contraband been found nor dirty U.A's. The action caused by the non-response about how the Administration of the D.O.C allows the S.S.U to work with prison organizations and informants and give them perks of political gains and one of those perks is to out number everyone especially the blacks, African American and or Hebrew. I asked him how he was going to explain this in his report, how he was going to explain this reason for his findings in his report. I asked Det. Medrano why I and my cell mate (who was only in the cell for two days from the whole) he black residence from 215-232 left to defend ourselves against 28 people not knowing when a riot may be incited? He didn't respond just chuckled. Moments later my cell mate and I was placed back in our cell. I was then placed on report. I was taken to R and D later that night, where I showed Captain Garcia the carbon copy of the 3-523 inmate later she responded "I didn't know nothing about this" referring to the inmate letter. This is on camera.

## 4 Injury

This information was based of or on the information in the inmate letter that I tried to resolve. The cause and effect of the incident was left out to just an incident to deprive me of the reasonable opportunity to explain my actions to alert officials and expose the defects of the security threat teams. Due to the neglect and deviation of job duties, I was

1-B

# 4 Injury continuence

I was automatically sent to a max security facility and put in a condemned cell in inhumane conditions, deprived of showers, food, and chemicals to clean the condemned cell, stripped of access to further my College curses at Rio Salado, deprived of my legal material to fight my open Post Conviction Relief even due to the fact that I am Pro SE, lost privileges of phone calls and store, and deprived of property. I've suffered: emotional stress, psychological stress, mental stress; physical stress; and spiritual distress.

The due process of law deals with two aspects: substantive and procedural. Substantive due process requires the government to treat people (All people) with "fundamental fairness." The procedural aspect of due process deals with the procedures or means by which government action can affect the fundamental rights of an individual; it is the garauntee that only after a certain fair procedure is followed can the government affect an individual's fundamental rights. The procedural rights guaranteed depend upon what procedural rights a particular court required by "Justice and liberty." Due to all the circumstances in this document since the staff for the Arizona Department of Corrections priority isn't to make sure all residence that reside are safe, only the ones they are contracted with I was left in a Vulnerable situation with the only means to protect my self against 23 people and have been unlawfully punished and oppressed for it

## In conclusion

The information left out Detective Medrano #556 report deprived me of my right to be heard. Det Medrano intentionally left out relevant and substantial information which lead to the incident. The Constitution does not only require that the decision of disciplinary be based only on the evidence presented at the hearing. Due to the peculiar environment of the prison setting; it may be that certain facts relevant to the disciplinary determination do not come to light until after the formal hearing. It would be unduly restrictive to require that such facts be excluded from consideration. Such evidence, should, how ever be in the administrative record and reflected in written deposition.

2 - C



3C23    Due process continues
to be neglected improperly



# INMATE DISCIPLINARY APPEAL RESPONSE
## SECOND LEVEL

| Appeal # | Inmate Name | ADC# | Case# | Complex | Unit |
|---|---|---|---|---|---|
| DIS-23-0550 | LAMONT ADAMS | 200957 | 23-EY1-000845 | EYMAN | A34 ASPC-E SMU I CDU |

You were found guilty of a disciplinary infraction in the above-identified case. This is the Central Office Decision relating to this case, and it is final.

**Response:**

You have submitted a second-level appeal of this Disciplinary for reasons of Due Process, Adequacy of Proof and Severity of Penalty.

The record contained within the case file has been reviewed. The issues raised in your narrative have been considered, but no Due Process error was found.

The Result of Disciplinary Hearing form reflects the appropriate standard of proof for the finding of guilt was met. The record contains adequate evidence you committed a 16A offense, Possession of Communication Device.

The recommended penalties are within the established policy guidelines for this violation.

Refer to D.O. 1002.04 and D.O. 1002.02 for information regarding whether your time loss sanctions may be rescinded or restored based on your future behavior.

The findings and recommended penalties are upheld, and your appeal is denied.

JB

*J Barreras*
J. Barreras, Appeals Administrator

06/21/2023
**Date**

Distribution: WHITE - Central Office
           CANARY - Inmate
           PINK - Institution File

Page 1 of 1

803 - 10D
4/99

1-D

**Arizona Department of Corrections
Rehabilitation and Reentry**

**Result of Disciplinary Hearing**

*1-A-4*

Case Number 23-EY1-000845

| INMATE NAME (Last, First, M.I.) (Please print) | ADCRR NUMBER | CHARGE |
|---|---|---|
| ADAMS, LAMONT | 200957 | 15A |

| HEARING DATE (mm/dd/yyyy) | HEARING TIME | HEARING LOCATION |
|---|---|---|
| 5/19/23 | 1100 | SMU |

HEARING OFFICER NAME (Last, First, M.I.) (Please print): Contreras, Russell

INMATE PLEA: ☐ Guilty  ☒ Not Guilty  ☐ No Plea

PRINTED STAFF ASSISTANT ASSIGNED: ☐ Yes  ☒ No

PRINTED NAME OF STAFF ASSISTANT PROVIDED (Last, First, M.I.): None

WITNESS STATEMENTS USED: 0

WITNESS STATEMENTS DENIED (Name and Reason for Denial): 0

FINDINGS OF DHO: ☐ Informal Resolution  ☐ Dismissed  ☒ Guilty  ☐ Not Guilty  ☐ Postponed

**Penalty Assessed for a Felony Violation**
- ☒ Loss of 60 ERC's
- ☐ $ _____ Restitution
- ☒ 30 Days Parole Class III
- ☐ _____ Hours Extra Duty
- ☒ 30 Days Loss of Privilege
- ☐ _____ Days Loss of Visits
- ☐ Return / Forfeit Contraband Items
- ☐ Other _____

Specific Evidence Considered In Finding of Guilt Which Meets the Established Standard of Proof. "I am persuaded by the evidence that it is more probably true than not that you committed the disciplinary violation based on the following (Check all that apply)."
- ☒ Disciplinary Report
- ☐ CIRAQ's
- ☐ Lab Results
- ☒ Other Photo
- ☐ Video
- ☐ Information Reports
- ☐ Staff Testimony
- ☐ Admission of Guilt
- ☒ Investigative Reports
- ☐ Copies of Physical Evidence

ADDITIONAL COMMENTS: appeal issued 5/19/23

DISCIPLINARY HEARING OFFICER SIGNATURE: Contreras   DATE: 5/19/23

I have received a copy of the decision of the Disciplinary Hearing Officer. I understand that I may appeal this decision within 15 (fifteen) calendar days through the Disciplinary Appeal process.

Inmate Signature: Lamont J. Adams   Date: 5/19/23

WARDEN/DEPUTY WARDEN'S SIGNATURE: ☒ Approved  ☐ Disapproved  ☐ Modified _____

Distribution: Coordinator to make two copies of form:
Original – Master Record
Copy – CO III, Unit CO IV Grievance Coordinator (if a 17A Disciplinary Violation)
Copy – Institutional File
Copy - Inmate

803-5
10/28/21

1-E

ARIZONA DEPARTMENT OF CORRECTIONS
Inmate Letter

| | Requests are limited to one page and one issue, NO ATTACHMENTS PERMITTED. Please print all information. |

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Adams, Lamont M | 200957 | La Palma Apache Delta 220 | 3-5-23 |

| To: The Deputy Warden or Warden or asst Deputy Warden | Location: Programs |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I need all the names and badge numbers of SSU who is in charge of moving inmates in and out of cells. On Apache Delta brothers (blacks) has followed the process to be moved to the court QUARTERS (living) to refrain from cord list out and defrauded of their request which is non-political. I've made several request to help certain individuals so I am a witness to this. Inmates shouldn't have to be controlled with you'll or snitches to be heard. For example — 215 — 232 I am the only black male on this side of the top tier in a bias, racist and political environment which isn't by accident we'll know this. I would like to receive a thorough answer why I am the only black male surrounded by other races and why Blacks makes come out and its neglected but the other out theirs granted. Since this issue is being addressed ok it __ set up it falls on you'll and maming me I will censor __ that an act of retaliation. I don't care if you'll secretly let your informants rant and campaign about this inmate letter. I need also the name and badge number of the two people working __ at movement for the last year. Thank you and have a nice.

| Inmate Signature: Lamont M Adams | Date: 3-5-23 |

Have You Discussed This With Institution Staff? ☑ Yes ☐ No
If yes, give the staff member's name: Institutional Staff & Family

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10

1-F



**Inmate Disciplinary Report**

(like example) (mm/dd/yyyy) WG1-A-109

Case Number 23-EY1-000845

| INMATE NAME (Last, First M.I.) (Please print) | ADCRR NUMBER | INSTITUTION/UNIT |
|---|---|---|
| Adams, Lamont | 200957 | La Palma |

CHARGE: GROUP NUMBER AND TITLE

15A (Possession of a weapon)

I. Statement of Violation (State fully the facts and circumstances of the violation including the means by which the inmate was advised of the charge(s)).

On the below date and approximate time I Detective Medrano #556 conducted a search of cell JAD220 assigned cell to inmate Adams, Lamont # 200957 while I strip searched inmate Adams, I discovered a prison made weapon concealed within the waist

| DATE/TIME OF VIOLATION | REPORTING STAFF NAME (Last, First M.I.) (Please print) | SID NUMBER |
|---|---|---|
| 5/09/23  0702 | Medrano, A. | MAMN |

| SIGNATURE | DATE/TIME COMPLETED |
|---|---|
| | 05/09/23    0922 hrs. |

| DISPOSITION | DATE/TIME REVIEWED |
|---|---|
| Refer | 5/9/23 0955 |

| SHIFT SUPERVISOR REVIEW BY (Last, First M.I.) (Please print) | SIGNATURE | DATE |
|---|---|---|
| Burgess. B | B. Burgen.  ADA | 5/9/23 |

II. Delivery of Charge: I hereby certify that on 5/17/23 at ___ hours, I have served notice on this inmate for a hearing on the charge before the Disciplinary Hearing Officer as a Felony Violation. The inmate has received a copy of the disciplinary charge. The hearing is scheduled on or after 48 hours from delivery of charge.

Inmate was offered staff assistance and it was:

☐ Accepted   ☑ Declined

| INMATE SIGNATURE | DATE | DELIVERING OFFICER SIGNATURE | DATE |
|---|---|---|---|
| | 5/17/23 | | 5/17/23 |

III. Report of Investigation

FELONY VIOLATIONS ONLY – SEE ATTACHER (Use form #803-8)

| INVESTIGATING OFFICER (Last, First M.I.) (Please print) | SIGNATURE | DATE INVESTIGATION COMPLETED |
|---|---|---|
| Freitag | | 5/17/23 |

IV. Disposition: This case was handled as:   ☐ Misdemeanor Violation: Reason for finding of guilt:

☒ Felony Violation: Refer to Disciplinary Hearing Officer

☐ Informal Resolution   ☐ Dismissed/Not Guilty

Penalty Assessed For A Minor Violation

☐ ___ Hours Extra Duty   ☐ Reprimand   Other _____

☐ ___   ☐ Return/Forfeit Contraband Items

☐ ___ Days Loss of Privilege

For Misdemeanor Violations Only: Inmate was given a copy of the results and advised that effective date, he/she has 15 (fifteen) calendar days to appeal.

| INMATE SIGNATURE | DATE/TIME |
|---|---|
| | / |

| COORDINATOR'S NAME (Last, First M.I.) (Please print) | SIGNATURE | DATE/TIME |
|---|---|---|
| | | / |



**Arizona Department of Corrections
Rehabilitation and Reentry**

Please *PRINT* all information

**Continuation Sheet – Form Number** _____

23-EYI-000845

| INMATE NAME (Last, First M.I.) (Please print.) | ADCRR NUMBER | INSTITUTION/UNIT |
|---|---|---|
| Adams, Lamont | 200957 | La Palma |

Comments

band of inmate Adams # 200957 boxer shorts. The prison made weapon was constructed out of metal, sharpened to a point, approximately 7" in lenght and with seran wrap as a handle. Inmate Adams # 200957 was verbally placed on report by myself Detective Medrano #556 @ 0730 hrs. on 05/09/23. Report written @ approximately 0922 hrs. on 05/09/23 by A. Medrano #556

Distribution: As indicated on original form

803-10
12/10/20

1-H

## COUNT II

1. State the constitutional or other federal civil right that was violated: The 5th Amend. Due process; Violation of A.R.S CONST. ART II, SS 4 and the 14th Amendment by putting false information on a-.

2. **Count II.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☑ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On 5-17-23 at 1012 hrs I was served a notice for a disciplinary charge of a felony violation by Lt. Freetag. Lt. Freetag did not address to me if I would like to collect witness statements nor questions to the Detective who issued the charging paper about why he kept substantial information out the report of closure why a weapon was found. These questions would of proved negligence. My cell mate was a witness to the conversation with detective A. Medrono and his two constituents. This was a due process violation of my right with the information that implements the full detailed conduct that was the cause that constituted the violation. The names and ID# of any inmate witness where disclosure would not compromise the safety and security of the inmate which my cell mate qualifies as a witness, which Lt. Freetag refused to allow me to call. According to the disciplinary coordinator and disciplinary hearing manual a detailed description of the conduct that constitutes the violation; and the names and ADCRR number of any inmates witnesses where disclosure would not compromise the safety and security of the inmate which Lt. Freetag deviated from these instructions amongst many more. I was sent to SMU i when Lt. Freetag came to see me, deviating from her job duties intentionally violating my due process. The decline box was checked off when I didn't decline nor was I asked if I wanted assistance. When I was sent to SMU I I was refused shift commander assistance; showers; refused paper work; and any assistance of the poor condition of confinement. The 48hr time frame being used as an excuse by Julie Bowers to cover up Lt. Freetags fraudulant strategy to refuse me to allow my cellmate as a witness and question Det. Medrone of his fanciful scheme of not implementing the full report.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Due to the deviations of her job duties, I was denied due process I was obligated to have which is impermisible. The information from witness testimony and the questions that detective Medrone would of had to answer would have had the investigation pushed further.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count II?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

2-B

COUNT II

## 1. Continuance

- charging document which is a violation of 18 USCS § 1001. Statements or Entries generally, under chapter 47. Declining me the right of staff assistance in collecting witness statements who can coincide the conversation about the threat of security of both of us questioning Det. Medrano #556 about why he didn't give a full, accurate and thorough report on the detailed description of the conduct that constituted the violation. The due process violation continued. It would be unduly restrictive to require that such facts related on the matter and conversation be excluded from consideration of the incident due to confirm my claim it is documented all who is incused from 215-232 and camera footage shows the conversation while Det. Medrano's constituent with the K9 standing in front of the cell while we are cuffed sitting down. Such evidence should, how ever be in the administrative record and reflected in the written disposition. I had a right to call witnesses when its not unduly hazardous to the institutional safety or correctional goals. Having witnesses constitutes the due process of fairness which my witness was discounted proving the opposite, violating the policy of the inmate disciplinary report - DUE PROCESS. Furthermore, I have every right when the security team of the administration is compromised and contracted with prison organizations to protect my life, liberty and property.

## 3. Supporting Facts

Lt. Freetag never handed me witness statement sheets, and I asked her why isn't the charging paper describing the full report on a small portion of the incident. I was told she is just there to give me the disciplinary ticket. Due to the poor and inhumane conditions of Max custody there's no one available to assist me with anything that would be in favor to me or my situation. Any request is ignored and the staff at SMU just walk right pass you with full neglect, it would be illogical for the response on the appeal to mention anything about a 48 hr time frame to request of witnesses when Lt. Freetag should of related when she handed the charging paper

2-B

# 4. Injury

Due to the Procedural Due Process violation of the disciplinary system of Administrative proceedings. Violations of the USCS Const. Amend. 5; A.R.S. Const ART (1, §4. I have suffered oppression, emotional distress, psychological distress and physical distress. For the Arizona Department of Corrections and their staff to believe they're the exception of the rule to follow the Arizona Constitution, the U.S constitution and their own rules and regulations in their: CO-Handbook; Department Orders; and policies.

In D.O.C policy in the disciplinary proceedings, residence (prisoners) are entitled to notice, a written statement of the evidence (not some) behind a decision and the reasons for the punishment imposed, a limited right to call witnesses and present documentary evidence at a hearing, and in certain cases the assistance of counsel substitute. Lt. Treetag deprived me of sufficient factual specificity to permit a reasonable understanding to what conduct that derived from the issue (3-5-23 inmate letter) so that I may give relevant evidence to present my defense for the administrative record and disciplinary hearing.

2~B

## COUNT III

1.   State the constitutional or other federal civil right that was violated: The 5th Amend. Due process: violation of A.R.S CONST. ART II, §4 and the 14th Amend by authorizing the due process violationg and

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
- [ ] Basic necessities
- [x] Disciplinary proceedings
- [ ] Excessive force by an officer
- [ ] Mail
- [ ] Property
- [ ] Threat to safety
- [ ] Access to the court
- [ ] Exercise of religion
- [ ] Other: _____
- [ ] Medical care
- [ ] Retaliation

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

Julie Bowers did not investigate the detail facts on record showing biasness and prejudice for the deprivement of my due process to be impartial and fair of the disciplinary Appeal Step. There is sufficient evidence included in the paper trail to support the guilty finding of corruption within her staff to prove negligence of the security all residence should have without secret contracts with administration constituents. There also were no recordings or staff assisting Lt. Freetag as a witness for Julie Bowers to automaticly disregard my due process because it boils down to my word and her constituents, to affirm correctional officers don't lie or make mistakes or forget. That is bias, my due process shall not be violated because I am a resident and to cover up tracks of corruption and deviation of duties. These violations are consistant concerning this issue or incident to hide correctional staff flaws. In maximum custody residence aren't giving the opportunity to be heard and is deprived of any opportunity to be heard which is contrary to Julie Bowers response. Julie Bowers condones intentional neglect by her actions of intentional neglect. Gas lighting the situation doesn't mean it doesn't exist. It would be unduly restrictive to require that such facts related to the incident on the inmate letter and what the witnesses can testify to be excluded from the consideration of the incident which the information is heavily substantial to the incident since it involved corruption that caused the.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
Due to the deviations of the job descriptions I've suffered emotional distress, psychological distress, mental distress and deprivement of Arizona constitutional, and U.S Constitutional rights.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   [x] Yes   [ ] No
   b.   Did you submit a request for administrative relief on Count III?   [x] Yes   [ ] No
   c.   Did you appeal your request for relief on Count III to the highest level?   [x] Yes   [ ] No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

3-A

## 1. Continuence

— deviation of duties of Lt. Freetag. Julie Bowers showed negligence and biasness towards my situation to favor her constituents and coverup material facts within investigating the incident and why I appealed. I was never provided 48 hrs to prepare in solitary confinement for the hearing, and did not receive witness request forms nor be provided with verbal context of Lt. Freetag about if I wanted witnesses. The response to the step 1 appeal process is fraudulent, inaccurate, and depriving with, disinformation and misinformation to misrepresent the appeal process further to coercive forward. On 5-19-23 Captain Russell, Cortreras saw me at 11 AM, I pleaded not guilty. The Captain asked me if I was provided with information sheets to provide witnesses I said "No", he said "are you sure" I said "Lt. Freetag never gave me that option". He just looked at me. I said isn't that a due process violation". Captain Contreras said "Yes" and than provide me with the appeal slips to fill out even after the fact I still haven't received the witness statement forms to full fill the due process remedies.

## 5. Supporting Facts - continuence

incident by Arizona Department of Corrections' staff.

3-B



**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Decision of Appeal**

*Please PRINT all information*

Check One ✓  ☒ Disciplinary Appeal      ☐ Grievance Appeal      ☐ Maximum Custody Placement

| INMATE NAME *(Last, First M.I.) (Please print)* | ADCRR NUMBER | INSTITUTION/UNIT | CASE NUMBER |
|---|---|---|---|
| Adams, Lamont | 200957 | ASPC-Eyman/SMU | 23-EY1-000845 |

Your appeal in the above referenced case has been reviewed.  The decision of the Warden/Deputy Warden/Administrator/Hearing Officer is to:

☒ Uphold the findings      ☐ Modify the penalties      ☐ Remand to the Hearing Officer for re-hearing      ☐ Dismiss

Findings and Conclusions:

Due Process Requirement:

A review of all documents relating to this case was conducted. You were seen by the Disciplinary Coordinator on 5/17/23. At that time you were notified of the charges against you and the evidence to be used against you. You were provided with 48 hours to prepare yourself for the hearing. You did not request Witness Statements at the time that the charge was delivered to you. Postponement was authorized. The hearing was conducted within time limitations as set forth in D.O.803. You were afforded an opportunity to provide your version of events; you failed to submit Witness Statements prior to the hearing. No violation of due process exists in this case.

Adequacy of Proof:

There is sufficient evidence included in the case file to support a guilty finding.

Severity of Penalty:

The penalties are within the guidelines and boundaries of policy.

An inmate who rejects the Reviewer response to the 1st level appeal may submit a 2nd level appeal within 5 calendar days of receiving the Step 1 decision.

WARDEN/DEPUTY WARDEN/ADMINISTRATOR/APPEALS OFFICER NAME *(Last, First M.I.) (Please print)*

Bowers, Julie  (on behalf of Step 1 Disciplinary Appeals, electronically signed)

| SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *Julie Bowers* | 06/06/2023 |

**Inmate Received a copy of Decision of Appeal** *(Step I Only)*

DELIVERY OFFICER NAME *(Last, First M.I.) (Please print)*   Parks

| SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *Parks* | 06/09/2023 |

Distribution:  Coordinator to make two copies of form:
Original – Master Record File
Copy – CO III, Unit CO IV Grievance Coordinator *(if a 17A Disciplinary Violation)*
Copy - Institutional File
Copy - Inmate

803-6
12/10/20



3-C

COUNT IIII

1. State the constitutional or other federal civil right that was violated: The 5th Amendment Due process; violation of A.R.5 CONST. ART. II, 34th and 14th Amendment

COUNT IIII. Identify the issue involved. Check only one. State additional issues in sperate counts.

☑ Disciplinary proceedings

3 Supporting Facts.

Final findings of the step II level of the appeal process was so frivolous by J. Barreras the Appeals Administrator it screams due process violation. On 6-21-2023 I was handed the final decision of the appeal process from COII Loften. From Central Office J. Barreras stated there were no due process error found of my claim. He or she states the disciplinary hearing form reflects the appropiate standard of proof for the finding of guilt was met. J. Barreras further states the record contains adequate evidence I committed a 16A offense POSSESSION OF A COMMUNICATION DEVICE. This is a major due process violation. The charging paper dated 5-9-23 states 15A POSSESSION OF A WEAPON, which means J. Barreras's whole investigation was incompetent without thoroughness and just passed through with out consideration and the record contained within the case file was not thoroughly reviewed which is contrary to the final response. This whole disciplinary charge has been handled carelessly with the facts misconstrued. Due to the supporting facts and the adequacy of proof of my complaint, the information related in this document proves that his disciplinary ticket should have been dropped and relieved of sanctions. No due diligence was done for my claims.

1 INJURY

4-A

COUNT I

Due to the deviation of order in the disciplinary process, I've suffered psychological, mental and emotional distress. I was deprived of human basic needs and all needs for rehabilitation; deprived of legal material needed for pro-se PCR and property loss.

5 Admistrative Remedies

a) Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ✓Yes

b) Did you submit a request for administrative relief on Count III? ✓YES

c) Did you appeal your request for relief on Count III to the highest level? YES

d) X

4-B

## COUNT ⬛ V

1.  State the constitutional or other federal civil right that was violated: The 5th Amend. Due process; Violation of A.R.S CONST, ARTII 3,4 and 14th Amendment; and violation of 18 USCS §1001. Statement or.

2.  **Count ⬛ V** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☑ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count ⬛ V. Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    I received an inmate disciplinary appeal response second level for J. Barreras. His response is inaccurate and unacceptible. and against the Arizona Department of corrections Department order and policies. Not only was my due process claim deflected to save face for his constituents, but on May 9th 2023 the charging paper states the charge and number title is 15A (Possession of a weapon). On 6-21-23, J Barreras states the result of Disciplinary Hearing form reflects the appropiate standard of proof for the finding of guilt was met. The record contains adequate evidence I committed a 16A offense, Possession of a communication device. The recommended penalties are within the establised policy guidlines for this violation. The penalties were upheld and the appeal denied. This is a violation of their own policy and procedures. This is a mistake of fact and law. of the standards of the D.O.C policy and proves negligence of a thorough investigation all the way through the final decision of the Disciplinary process. J. Barreras proves also to show direct deliberate in difference of the incident and the disciplinary process to disfavor me and save face to the Arizona State Prison and its constituents.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
    Neglection of safety, emotional distress, oppression, psychological distress, bullied of rights, mental distress and disregard for my well being.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                     ☑ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?          ☑ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?  ☑ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5-A

1. Continuence

-or Entries generally under Chapter 47. J. Barreras, Appeals Administrator showed neglect of due diligence and a thorough investigation. The claims are substantial in my step 1 and step II process involving corruption within his administration to uncover the violations in his administration regulations. It is easier to coercive guilty findings than to investigate corruption within his administrating entity. Even his findings is a due process violation and proves investigation neglect and false findings on his part

5-b





Arizona Department of Corrections, Rehabilitation & Reentry

EYMAN - EYMAN SMU I

Notice:

As of: 05/09/2023

Incentive phase criteria is reviewed each day. Information in the system since the previous day is used to determine if any changes have taken place that would change an inmate's incentive level. This letter provides information about the change and why.

Notice: 200957 ADAMS LAMONT

Bed: E, EYMAN SMU I A34WG1A104U

Effective today your phase level has been changed from Phase 3 to Phase 1

Attention Required! Due to failing to maintain one or more of your phase level requirements (see below) your phase level has been revised accordingly (see above). This may be a setback will affect your privileges but you are encouraged to rededicate yourself in order to move up to the next phase.

To advance your status you must: Participate in Programs, removal from a program for poor performance or behavior will result in a reduction to Phase 1. NOTE: Per D.O. 809.01.1.5.4: if you are removed from a program, you shall remain in Phase 1 for 1 year before becoming eligible to advance to Phase 2. Maintain a good discipline violation record, no major or minor violations for 6 straight months.

Reason(s)

☑          Found guilty of class A major disciplinary violation.



**Arizona Department of Corrections
Rehabilitation and Reentry**

**Inmate Letter Response**

*For distribution:   Copy of corresponding Inmate Letter must be attached to this response.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Adams, Lamont | 200957 |

INSTITUTION/UNIT

ASPC-Tucson/ Cimarron

| FROM *(Last, First M.I.) (Please print)* | LOCATION |
|---|---|
| Pleas | Education |

Thank you for your IM letter dated June 26, 2026.  Review of the inmate management system shows that on May 9, 2023 you received a major ticket.  Per DO 910 7.2.4 distance learning programs are limited to imates who: "have not committed a major disciplinary violation or more than three minor disciplinary violations within the last six months".  As a result of your major ticket,  you are no longer eligible for the distance learning program through Rio Salado.

Thank you,

Pleas

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *Pleas* | 7/10/2023 |

Distribution    Original – Master File
Copy - Inmate

916-2
5/14/12



**Arizona Department of Corrections**
**Rehabilitation and Reentry**
**Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Adams, Lamont M. | 200957 | EYMAN SMU 1 | 5-20-23 |

| TO COIII Snieder I & COIII Vega I & All AZ D.O.C.R.R Staff | LOCATION Wing 1 A 4 |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am informally trying to resolve an issue: On Saturday May 20th, 2023 COII Flowell # 10248, C.OII Rockers # 12575 & COII Barne #18 Employed with AZ DOCRR as correctional officers refused to allow the pod of 1-A to receive the phone on our scheduled date after us having already missed one set day, a make up day and another set day (Tuesday 15th 2023, Wednesday 16th which is make up day, and thursday 17th 2023 which is another set day. By law we are suppose to be giving access to communicate to family and they blatantly denied us this after being pointed out to the Correction Employee's names mentioned above, all has stated "What can we do". I get that we are breaking Federal Laws but this is coming from up top" meaning superior ranking staff members. Once again I am writing this document to log all of the ill treat-ment of human beings and the violations of our rights, furthermore hostile actions and or acts are be taken against me, the only remedy that I seek is litigation, we haven't been giving no envelopes (pre stamped), phone calls, or our tablets with our property which are never to leave our possession by policy. We are now on day seven we no access to the phone. I haven't be sanctioned but disciplinary actions are being carried out upon me. I've requested staff assistance to resolve these issues and I am being denied again and over again. I am pro-se in my case for (PCR) and they won't even bring me my legal property which they have 72 hours by policy and Law, its been 11 days and counting since I've talked with SSU Sgt and Lt also the paralegal and still no results. They restrict my legal research and access to the courts by not bringing me the items I checked out for Post Conviction Relief from the Resource Library. I have the document that saids they sent it to me on the 15th day of 2023 May. I never received it and the staff has been telling me all week the library hasn't sent me nothing. The receipt from the library states other wise I received Friday the 19th 2023. These conditions of confinement is inhuman and violates STATE AND FEDERAL Laws. I am and have been placed in a pissy and mildewed cell which the toilet leaks and leaves puddles of water in the cell all the way to the tier that leaks to the bottom tier. All staff here in SMU 1 1-A Wing 1 practices cruel and unusual punishment.

| INMATE SIGNATURE Lamont M. Adams | DATE (mm/dd/yyyy) 5-20-23 |
|---|---|

Have you addressed this with Department staff?  ☑ Yes  ☐ No

If yes, give the staff member's name and the date you addressed with them:

COIII Medina  refused to help or resolve   5-20-23
(Staff Member's Name) (Please print)   (Date addressed)

RECEIVED & ENTERED

MAY ... 2023

TIME FRAMES START

*Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.*

Distribution:  Original – Master File   Copy – Inmate

The information of this document is the truth! Lamont M. Adams

Witnessed by #

916-1
7/25/19

B-E



Arizona Department of Corrections
Rehabilitation and Reentry
Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Adams, Lamont M. | 200957 | BYMAN SMU 1 | 5-20-23 |

| TO COIII Snicher & / All AZ D.O.c RR COIII or Vega | LOCATION |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Todays date is Saturday May 20th 2023, this document is for the purpose of a staff member witnessing my writing on Form# 916-1 Page 2 of 2 concerning the conditions of confinement, poor treatment and hostile acts taken against the "Nature OF MAN" and "HUMAN BEINGS" Lamont M. Adams and not the corporate entity attached. We are not being giving the property/ proper paper work to document informal resolutions to interfere with the due process and paper trail. Therefore it is being noted with a willing signature that another document exist written on the date mentioned above concerning avenues of communication being denied and was turned in by the witness who now carries the burden of making sure its reaching the properly trained staff member to be logged for litigation purposes. Should these documents come up missing or are destroyed to cover up both have been signed by a witness to acknowledge their existance concerning the issue mentioned above all avenues of communication to the out side being cut off.

Witnessed by

X _____ Badge#

THE INFORMATION IN THIS DOCUMENT IS THE TRUTH!

X Lamont M. Adams

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Lamont M. Adams | 5-20-23 |

Have you addressed this with Department staff?  ☑ Yes  ☐ No

If yes, give the staff member's name and the date you addressed with them:

All AZ D.O.C staff & Employees
(Staff Member's Name)  (Please print)        (Date addressed)

Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.

Distribution:  Original – Master File
Copy - Inmate



916-1
7/25/19

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

For distribution:  Copy of corresponding Inmate Letter must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| **ADAMS, LAMONT M.** | **200957** |

| Institution/Unit | |
|---|---|
| **ASPC - EYMAN · SMU-1** | **HL:  1-A-04** |

| From | Location |
|---|---|
| Mr. T. Pinney, Librarian II | SMU-I Resource Center |

### MISSING LIBRARY RECEIPT NOTICE

The Library recently checked library material out to you but has not received the signed library copy of the material receipt back, nor has the material been returned to the library. Another copy of the receipt is attached for your signature. No other library material will be issued until this signed receipt or the material is returned to the library.

Book Number: _____  Book Title: _____

Book Number: _____  Book Title: _____

Book Number: _____  Book Title: _____

| Staff Signature | Date |
|---|---|
| | 5/19/2023 |





**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance – GF Supplement**

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Adams, Lamont M. | 200957 | Eyman SMU1 | 23-056403 |

Due to no response of the informal written on the 15th day of 2023 which I was denied the actual informal 802-11; Furthermore, I have been denied showers, Legal mail – legal property and proper living quarters and conditions. COII Thobia'i (who spelled his name with a B when asked) and COII Garcia denied showers to my cellmate and I. COII Thobia'i on the 13th of May 2023 and Garcia (COII) denied them on the 15th of May 2023. Garcia admitted to my cellmate and I that, "though it is against prison policy and Federal law, he has been working here in SMU for 5 years and this is how its been ie denying inmates showers for days and weeks at a time.

The condemned cell has mildrew and mold from water and urine stains on the floor and bottom bunk; the cell is so filthy due to the fact D.O.C staff are suppose to check the cell before they house "inmates or residence" to make sure its stable living conditions. Due to these circumstances, D.O.C staff (All who worked Wing 1A pod A still denied us chemicals to clean. I have been getting chest pains, short of breath, runny nose and breaking out with rashes on my arms due to these depriving and oppressed conditions of confinement. These frivolous acts proves that the D.O.C staff are all criminals and doesn't oblige to the merit of their badge and oath.

Returned unprocessed – Duplicate of 23-056403 with response due 6/13/2023.
Thorne #8211     R casteno 7590
bo-07-2023

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Lamont M. Adams | 6-5-23 |

DISTRIBUTION: GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate
DISTRIBUTION: White or Copy – Inmate
Canary or Copy – Grievance File
802-7
12/12/13

6-H



**Arizona Department of Corrections
Rehabilitation and Reentry
Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Adams, Lamont M | 200957 | SMU1 | 5-14-23 |

| TO | LOCATION |
|---|---|
| Mail & Property | ? |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am pro-se and 72 hrs after I was brought here I should have received my Legal property per policy regardless it I am pro-se or not. Why haven't I received my legal work or property.

I will check with the Para legal and if they say you do have an open case we will expedite your property
- Sgt Parcel

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Lamont M. Adams | |

Have you addressed this with Department staff? ☑ Yes ☐ No

If yes, give the staff member's name and the date you addressed with them:

| SSU Vasquez | 5-12-23 |
|---|---|
| *(Staff Member's Name) (Please print)* | *(Date addressed)* |

*Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.*



**Arizona Department of Corrections
Rehabilitation and Reentry
Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Adams, Lamont M. | 200957 | WGIA cell 4 bottom | 5-22-23 |

| TO | LOCATION |
|---|---|
| Mr. T. Pinney, Librarin II | SMU-1 Resource Center |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

"News Flash" I never received any material from the Resource library nor regular library. The staff has been telling me all last week that nothing from library came. Only the staff knows where the material is. I never received. Nobody on this received any reading material from the library last week, regular or legal

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Lamont M. Adams | 5-22-23 |

Have you addressed this with Department staff?  ☐ Yes ☐ No

If yes, give the staff member's name and the date you addressed with them:

_____     _____
(Staff Member's Name) (Please print)          (Date addressed)

*Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.*

Distribution:  Original – Master File
               Copy - Inmate



916-1
7/25/19

**COUNT ~~III~~ VI**

1. State the constitutional or other federal civil right that was violated: _The 8th Amendment of the Constitution violation of cruel and unusual Punishment._

2. **Count ~~III~~.** VI  Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
   - ☑ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count ~~III~~. VI  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
   _On the night of May 9th 2023 my cell mate and I was placed in a condemned cell. We kept being denied informal complaints. We were denied showers as well. The cell in wing 1 A #1 had urine stain puddle on the bottom bunk under the mattress; urine puddle leaking from the the toilet to the whole upper tier that dripped a caused a puddle down to the bottom tier. Whatever was flushed down the toilet (urine and fecal matter) leaking to the cell floor. We kept requesting to be removed to a cell with better living conditions to COII or Sgt. Lehron on 5-12-23 after multiple complaints prior with no resolve. On 5-13-23 I addressed COII Babial about the condemned cell no resolve than he denied my cell mate and I a shower. On 5-15-23 I put in an informal on an inmate letter about consistently being denied showers regardless of the 3 day federal policy; denial of cleaning supplies to clean up the contaminated water consistently running on the floor; and the deliberate indifference and hostility we were being showed about our complaints. On 5-15-23 COII Garcia who worked the pod admitted to my cell mate and I that though he knows denying us showers and etcetera is against Arizona Department of Corrections Policy and Federal law, he has been working in SMU for 5 years and this is how its been, denying inmates showers for days and weeks at a time. We asked him will he sign a document addressing that statement he said "Yeah". When we wrote the informal he recanted but COII Vega –_

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
   _The negligence of Sgt Lehr deliberate indifference in these extremely poor conditions of confinement to agnore the deprivations of human basic needs leaving us exposed to urine and fecal matter leaking puddles from the toilet to the cell floor; top tier; and–._

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

6-A

1.

## 3. Supporting Facts continuence

" signed the document and for some odd reason disappeared for two weeks. It took 10 days before we could get D.O.C staff to turn it in COII Vega #1423 took it signed by him on 5-25-23 COII Babiai intentionally produced a fake name to confuse his involvement deliberately. His name maybe spelled Thabiai or Thabiai. This proves to be deliberately indifferent. Since I found out the correct name of COII Thabiai to correct the information in the document and no response form or for the informal written on 5-15-23, I submitted an inmate Grievance supplement dated 6-5-23 which Gene, Thorne #321l sent back as duplicate to interfere with the due process of my right cause or because of his late response.

## 4. InJury continuence

all the way down to the bottom tier. All staff and personel walked through this ness tracking the contaminated water all over the wing. We were left to inhale this contamination 24/7 a day for 3 weeks. These caused me emotional distressed, mental distressed, psychological distress, spiritual distress, short of breath, light neadedness, runny nose, chest pains, and I broke out with rashes on my arm.

6 - B

**ARIZONA DEPARTMENT OF CORRECTIONS**

**MEMORANDUM**

**TO:**        **Adams, Lamont #200957**

**FROM:**      **K. Millhoff, COIV, ASPC-Tucson/Cimarron**

**DATE:**      **9/19/2023**        **ASPC TUCSON CIMARRON 3C/23**

**SUBJECT: Inmate Grievance Appeal – Unprocessed**

The grievance appeal dated 9/18/2023 was received which is connected to case 23-057196.

You were sent the second level appeal response on 9/13/23.

Department Order 802 7.6 states that the decision of the General Counsel (second level appeal) or the designee is final and constitutes the exhaustion of all remedies within the Department.

Once you received the response to this appeal your avenues for a requested resolution within ADCRR were exhausted.

There are no further steps or actions why may be taken on this issue, it is considered closed on all levels.

6-C

ARIZONA DEPARTMENT OF CORRECTIONS    *REPLYING TO THE APPEAL*

Inmate Grievance – GF Supplement    *"CENTRAL OFFICE"*

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Adams, Lamont M | 200957 | Tucson/Cimarron | 23-057196 |

The unresolved isse at hand: On 5-13-23 CO II Babia/ refused me and my cellmate a shower and addressed the condemned cell we were housed at; 5-15-23 I put in an informal about the condemned cell and denial of showers; 5-18-23 CO II Fluvell denied us showers for light covers and denied us toilet paper; 5-20-23 CO II Fluvell denied us the use of the phone using group punishment to stroke ego and staff entertainment; 6-1-23 CO II Fluvell with an officer she was training denied my cellmate and I showers over a light cover; 6-3-23 CO II Fluvell badge# 10248 denied us showers and the phone at 6:50 AM; 6-14-23 I was denied showers and Tuesday the 13th, denied showers cause I didn't go to work; 6-19-23 the CO II walking denied to take Grievance to CO III's office; and 8-16-23 submitted a Grievance Appeal, Appealing the decision of Julie Barnes.

　　The inmate informal Complaint addresses unusual and cruel punishment denying human basic needs which is consistent as you can see through the dates above, mental manipulation tactics and forms of psychological warfare in the circumstances of Max Custody of confinement which isn't in policy. The denial of showers pertaining up to 6-3-23 which we were denied showers except 1 time in that 4 week period being housed in SMU I May 9th 23. Intentional Neglect being used as tactics is unprofessional, unethical and abuse of power. the 8th Amendment forbids cruel and unusual punishment for this treatment and the living conditions. The State of mind of the official who are responsible and knew of these actions is intentional that does establishes the objective component of the seriousness of the challenged conditions. Complaints of staff Misconduct is treated as Confidential though the cruel and unusual punishment is also done confidentially amongst all the constituents and their superiors not giving no closure to the people oppressed is corrupt. Secretly condemnment more likely than not is exercised. I requested for future references an example to be set that ADC officers sustain professional and ethical conduct which only will happen by officers being sanctioned which it says in Policy in the CO hand book and or relieved of their job Duties. Litigation will be needed so the corrective action may be disclosed so the comfortability will be ceased of the practice of unusual and cruel punishment, psychological, mental and emotional stagnation to atrocene housed inmates ceased to exist out of the briefed practices of the Arizona State Prison officers.

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Lamont M Adams | 9-18-23 |

INITIAL DISTRIBUTION:　　GF Supplement – White and Canary or Copies - Grievance Coordinator
　　　　　　　　　　　　Pink, or Copy - Inmate

FINAL DISTRIBUTION:　　White or Copy – Inmate
　　　　　　　　　　　　Canary or Copy – Grievance File

802-7
12/12/13

6-D

Maldonado
#10046

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log# | Inmate Name | ADC# | Case# | Complex | Unit |
|------|-------------|------|-------|---------|------|
| GV-23-0352 | ADAMS | 200957 | 23-057196 | TUCSON | C11 ASPC-T CIMARRON I |

In your grievance filed at ASPC-Tucson, Cimarron Unit, you state that while housed at SMUI an Officer engaged in misconduct by refusing you showers and telephone access. You further state that the officer is abusing her power using psychological manipulation tactics. Your proposed resolution is for staff to sustain professional conduct and follow policies.

Your second level appeal has been reviewed at Central Office and the Assistant Director's level response is affirmed. Allegations of staff misconduct involving inmates are taken seriously and referred for investigation when deemed necessary. Complaints of staff misconduct are treated as confidential and any corrective action that may be taken will not be disclosed. You have since moved away from SMUI. If you have any health concerns, you are encouraged to submit a Health Needs Request in order to speak with a medical provider.

This matter is considered resolved.

Cc: Warden, Tucson Complex
Warden, Eyman Complex

*M. Knabel*
**Appeals Officer**

*J Barreras*
**J. Barreras, Appeals Administrator**

09/13/2023

**Date**

6 - E

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance Appeal

Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal)

| The inmate may appeal the Deputy Warden's decision to the Director by requesting the appeal on this form. | |
|---|---|

| | |
|---|---|
| Received By: | CPL RUBALO |
| Title: | CPL |
| Badge #: | 12546 |
| Date: (mm/dd/yyyy) | 08/16/2023 |

**Please Print**

| INMATE NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Adams, Lamont M | 200957 | 8-16-23 |

| INSTITUTION/UNIT | CASE NUMBER |
|---|---|
| Tucson - Cimerron | 23-057196 |

TO: CO IV Grievance Coordinator

I am appealing the decision of _Julie Bowers_ for the following reasons:

My proposed resolution was to sustain professional conduct and follow policies. Furthermore, to seek litigation for denial of human basic needs and taking advantage of the Max custody because we have no access to address complaints cordially because the staff covers each others tracks. The automatic routine response is a programmed response which gives me no relief that these actions of cruel and unusual punishment and oppression will be stopped in its tracks. Silenced sanctions more likely than not in this entity can also mean secretly condonement. I am the plaintiff but being kept from investigations outcome and results for what reason. This matter isnt resolved until I receive litigation.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Lamont M Adams | 8-16-23 | K Mitthoff | 9/15/23 |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
10/16/16

**Inmate Lamont, Adams #200957 received Grievance Appeal Response to 23-057196**

On _8-14-2023_ .
<span style="font-size:smaller">Date</span>

CIMARRON 3C/23

Inmate Signature: _____

Staff Signature: _____

6 - G



# Inmate Grievance/Appeal Response Notice Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** EYMAN/EYMAN SMU I

**Bldg/Bed:** C11 CB3C23T

## Case #:23-057196

## Appeal To Director

**Type:** Appeal Approve

**Date Received:** 06/08/2023 02:47:00 PM

**Response Author:** JULIE BOWERS

**Responded On:** 07/11/2023 07:51:11 PM

**Decision:** Resolved

## Case Details

**Case Number:** 23-057196

**Grievance Status:** Resolved

## Case Data

**Prison of Complaint:** EYMAN

**Opened Date:** 06/08/2023 02:47:00 PM

**Grievance Category:** Staff

**Unit of Complaint:** EYMAN SMU I

**Grievance Stage:** Appeal Answered

## Appeal Grievance Response

**Responder Name:** JULIE BOWERS

**Due Date:** 07/14/2023 01:21:01 PM

**Date/Time:** 07/14/2023 10:18:34 PM

**Result:** Uphold

**Response:** 08/11/2023 - In your Grievance filed at SMU, you claim that COII Flowell #10248 has engaged in various forms of misconduct such as denial of showers and telephone privileges. It is your position that she attempted to "incite a riot" by telling other inmates in the housing area that the phone not being issued to inmates was a direct result of your behavior. Your proposed resolution is unclear except to "sustain professional conduct within all correctional officers". Your Step 1 Grievance Appeal has been reviewed at Central Office. The Grievance Coordinator's response is affirmed. Allegations of staff misconduct involving inmates are taken seriously and referred for investigation whenever deemed necessary. These allegations have been forwarded to the appropriate Administrators for review. Complaints of staff misconduct are treated as confidential. You will not be notified of the outcome of any investigation that may or may not have been initiated, nor of any corrective action that may have been taken. Your proposed resolution is affirmed. You will not be provided with any further information related to this complaint. This matter is considered resolved and no further action is warranted. You may elect to appeal the Step 1 Grievance Appeal Decision to the General Counsel within 5 workdays of receipt of this decision by submitting an Inmate Grievance Appeal, Form 802-3, to the unit COIV Grievance Coordinator.

⌐Override                ⌐Data Input Error                ⌐Unprocessed                ⌐Extension

**Restitution Recommended:** No





**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Decision of Appeal**

*Please **PRINT** all information*

Check One ✓    ☐ Disciplinary Appeal    ☒ Grievance Appeal    ☐ Maximum Custody Placement

| INMATE NAME *(Last, First M.I.) (Please print)* | ADCRR NUMBER | INSTITUTION/UNIT | CASE NUMBER |
|---|---|---|---|
| Adams, Lamont | 200957 | ASPC-Eyman/SMU | 23-057196 |

Your appeal in the above referenced case has been reviewed. The decision of the Warden/Deputy Warden/Administrator/Hearing Officer is to:

☐ Uphold the findings    ☐ Modify the penalties    ☐ Remand to the Hearing Officer for re-hearing    ☐ Dismiss

Findings and Conclusions:

08/11/2023 – In your Grievance filed at SMU, you claim that COII Flowell #10248 has engaged in various forms of misconduct such as denial of showers and telephone privileges. It is your position that she attempted to "incite a riot" by telling other inmates in the housing area that the phone not being issued to inmates was a direct result of your behavior.

Your proposed resolution is unclear except to "sustain professional conduct within all correctional officers".

Your Step 1 Grievance Appeal has been reviewed at Central Office. The Grievance Coordinator's response is affirmed.

Allegations of staff misconduct involving inmates are taken seriously and referred for investigation whenever deemed necessary. These allegations have been forwarded to the appropriate Administrators for review. Complaints of staff misconduct are treated as confidential. You will not be notified of the outcome of any investigation that may or may not have been initiated, nor of any corrective action that may have been taken.

Your proposed resolution is affirmed. You will not be provided with any further information related to this complaint.

This matter is considered resolved and no further action is warranted.

You may elect to appeal the Step 1 Grievance Appeal Decision to the General Counsel within 5 workdays of receipt of this decision by submitting an Inmate Grievance Appeal, Form 802-3, to the unit COIV Grievance Coordinator.

| WARDEN/DEPUTY WARDEN/ADMINISTRATOR/APPEALS OFFICER NAME *(Last, First M.I.) (Please print)* | |
|---|---|
| Bowers, Julie (on behalf of Step 1 Grievance Appeals, electronically signed) | |
| SIGNATURE  *Julie Bowers, Operations Appeals Administrator* | DATE *(mm/dd/yyyy)*  08/11/2023 |

**Inmate Received a copy of Decision of Appeal** *(Step I Only)*

| DELIVERY OFFICER NAME *(Last, First M.I.) (Please print)* | |
|---|---|
| | |
| SIGNATURE | DATE *(mm/dd/yyyy)* |

Distribution:   Coordinator to make two copies of form:
           Original – Master Record File
           Copy – CO III, Unit CO IV Grievance Coordinator *(if a 17A Disciplinary Violation)*
           Copy - Institutional File
           Copy - Inmate

803-6
12/10/20

6-I

No JN:T Received

## ARIZONA DEPARTMENT OF CORRECTIONS

### Inmate Grievance Appeal

*Please type or print in black or blue ink.*
*(To be completed by staff member initially receiving appeal)*

The inmate may appeal the Deputy Warden's decision to the Director by requesting the appeal on this form.

| | |
|---|---|
| Received By: | Flores |
| Title: | |
| Badge #: | 11205 |
| Date: (mm/dd/yyyy) | |

**Please Print**

| INMATE NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Adams, Lamont M | 200957 | 1-14-23 |

| INSTITUTION/UNIT | CASE NUMBER |
|---|---|
| THE DEPUTY WARDEN | 23-057196 |

TO:

I am appealing the decision of __KRISHNA MILLHOFF__ for the following reasons:

My complaint was not based on no action of mine however false narrative you relay. The unprofessional, incompetent and unethical l training of D.O.C. the reason why the conjunctions are layed on the staff. The abuse of power is and human basic needs. The phone wasn't the only issue, and through the ACLU which I am a Parson V shin Client and Parson V Ryan to down play this as resolved is even beneath your inteligence I hope. Must I note How is KRISHNA speaking for a situation which happened at a Max Custody Unit which was a case for Thornet # 321, Second I have the names of all the witnesses who witnessed these actions of Arizona Department of Corrections Staff and how they neglect policy, professionalism, People or social skills and ethics.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Lamont M. Adams | 1-14-23 | K Millhoff | 7/14/23 |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL:   White & Canary – Grievance Coordinator
                         Pink – Inmate
             FINAL:      White – Inmate
                         Canary – Grievance File

802-3
10/16/16

6-J



# Inmate Grievance/Formal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:**EYMAN/EYMAN SMU I

**Bldg/Bed:** C11 CB3C23T

## Case #:23-057196

## Formal Grievance

**Type:** Formal Approve

**Date Received:** 06/08/2023 02:47:00 PM

**Response Author:** KRISHNA MILLHOFF

**Responded On:** 07/11/2023 07:51:11 PM

**Decision:** Resolved

## Case Details

**Case Number:** 23-057196

**Grievance Status:** Resolved

## Case Data

**Prison of Complaint:** EYMAN

**Opened Date:** 06/08/2023 02:47:00 PM

**Grievance Category:** Staff

**Unit of Complaint:** EYMAN SMU I

**Grievance Stage:** Formal Answered

## Formal Grievance Response

**Responder Name:** KRISHNA MILLHOFF

**Due Date:** 07/14/2023 01:21:01 PM

**Response:** Please see attached for response

**Date/Time:** 07/11/2023 07:51:11 PM

**Result:** Resolved

⌐Override          ⌐Data Input Error          ⌐Unprocessed          ⌐Extension

**RestitutionRecommended:** No

## Formal Grievance Approval

**Approver Name:** KRISHNA MILLHOFF

**Due Date:** 07/14/2023 01:21:01 PM

**Date/Time:** 07/11/2023 07:53:44 PM

**Result:** Resolved

6-K



**Arizona Department of Corrections
Rehabilitation and Reentry**

**Inmate Grievance Response**

*For distribution: Copy of Corresponding Informal complaint resolution must be attached to this response.*

| INMATE PRINTED NAME *(Last, First M.I.)*<br>ADAMS, LAMONT | ADCRR NUMBER<br>200957 |
|---|---|
| INSTITUTION/UNIT<br>ASPC TUCSON CIMARRON 3C/23 | CASE NUMBER<br>23-057196 |

**SUMMARY OF COMPLAINT**

Your complaint is that supervisors and staff at Eyman SMUI condone the abuse of power and neglect of duties. Specifically that on 6/3/2023, COII Flowell #10248 attempted to incite a riot when she advised the pod that they were not receiving the phone because of your actions.

**INMATE PROPOSED RESOLUTION**

Your proposed resolution is that an example be set to sustain professional and ethical conduct with all Correctional Officers.

**INVESTIGATIVE ACTION**

A review of your movement history as well as the usage of phones was completed in an attempt to resolve this issue.

**FINDINGS & DECISION**

You were moved from Eyman SMUI to Tucson Cimarron on 6/21/2023.

In a review of your call history I see numerous Voice ID Failures in the last 30 days with not a single successful connection. I do recommend submitting a request to Visitation to reset your voice print.

As you are no longer housed on Eyman SMUI your issue is considered resolved.

| STAFF PRINTED NAME *(Last, First M.I.)*<br>Deputy Warden D. Morman | SIGNATURE | DATE *(mm/dd/yyy)*<br>7-11-23 |
|---|---|---|

802-2
3/2/22





# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance

| RECEIVED BY |  |
|---|---|
| Thorne #3211 |  |
| **TITLE** |  |
| CO-III |  |
| **BADGE NUMBER** | **DATE** *(mm/dd/yyyy)* |
| 3211 | 6/20/23 |

*See Attached*

Note:  You may appeal the Grievance Coordinator's decision by filing form 802-3, within 10 calendar days of receipt of this notice.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Adams  L | 200957 |  |

| INSTITUTION/UNIT | CASE NUMBER |
|---|---|
| ASPC-Eyman  SMU 1 | 23-057196 |

TO:  GRIEVANCE COORDINATOR

### Description of Grievance *(To be completed by the Inmate)*

See Attached

### Proposed Resolution *(What informal attempts have been made to resolve the problem?  What action(s) would resolve the problem?)*

See Attached

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
|  | 6-2023 | Thorne #3211 | 6/20/23 |

Action taken by _____  Documentation of Resolution or Attempts at Resolution.

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|

802-1

Thorne #3211 6/20/23

ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance – GF Supplement**

| INMATE'S NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Adams, Lamont M | 200957 | Lyman SMU | 23-05116 |

The issue at hand is not close nor gives closure but
condones abuse of power and neglect of duties by Johnson
Richard M. This issue will be pushed to complete level of
the courts for closure since A.D.C staff wants to protect
their constituents who takes advantage of inmates in
Max Custody. I have witness to co-sign the information
in the informal furthermore as you claim checking the
camera but didn't mention "Multiple Officers Coming
To The Cell" Johnson, you condone your name will be on
the law suit as well. You did not mention the officer by
name. CO II Flowell badge # 10248 brought to the attention
that the Pod will not get the phone because [illegible]. This is
[illegible] a [illegible]. Then [illegible] the attention of CO II Hall the
phone will be brought but my cell can't use it. You gas
[illegible] the facts on paper to make it look good but explain
why multiple [illegible] came to my cell called by my cell [illegible]
and I. If you investigated [illegible] then she told you
what happen and you are lying along with staff who
worked the morning of incident or she is lying of their
misconduct. To try to hide, conceal, or cover up unlawful
discrimination or harassment using false pretenses
on a government "DOCUMENT" is a class 5 felony
Proposed Resolution as an example to sustain
professional ethical conduct within All Correctional
[illegible] the criteria of 1.1.2 should be enforced
not a recent condolence and forwarding a frivolous
[illegible] against you [illegible] to your leader
for this [illegible] job. The response is [illegible]
[illegible] and lacks to [illegible] intelligence. You
know your staff [illegible] if sleep or has lights on

| SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Lamont M Adams | 6-19-23 |

INITIAL DISTRIBUTION: GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION: White or Copy – Inmate
Canary or Copy – Grievance File

802-7
12/12/13

ABUSE of POWER

6-N

The phone is [illegible] to 2 [illegible] not whenever your staff

Arizona Department of Corrections, Rehabilitation & Reentry

Grievance Details



# Inmate Grievance/Informal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** EYMAN/EYMAN SMU I

**Bldg/Bed:** A34 WG3B537U

## Case #:23-057196

# Informal Complaint

**Type:** Informal Response

**D~~ate~~ ~~Re~~ceived:** 06/08/2023 02:47 PM

**Response Author:** JOHNSON, RICHARD M

**Responded On:** 06/14/2023 04:34:53 PM

**Decision:**

# Case Details

**Case Number:** 23-057196

**Grievance Status:** Open

# Case Data

**Prison of Complaint:** EYMAN

**Opened Date:** 06/08/2023 02:47 PM

**Grievance Category:** Staff

**Unit of Complaint:** EYMAN SMU I

**Grievance Stage:** Informal Answered

# Informal Grievance Response

**Grievance Date:** 06/08/2023 12:00:00 AM

**Response Due:** 06/29/2023 02:48 PM

**Issue:** Phone/ Shower

**Responder:** JOHNSON, RICHARD M

**Response:** In response to your informal complaint 23-057196 dated 6/3/2023 and received me on 6/14/2023. In your complaint you state that floor officer did not pass the phone on the first walk. The first phone pass is at 08:30. During the first security check staff may ask for inmates to go to recreation, shower, or both. If you do not advise it is considered a refusal. This matter is closed at this level.

☐ Unprocessed

**Officer's Name:** RICHARD JOHNSON

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:
• Placing a single complaint on a single inmate Grievance form.

**NOTE:** If multiple unrelated issues are on a single form or if a duplicate complaint is filed, the grievance shall be rejected and returned unprocessed.





TRUTH x ☑ Lamont M. Adams

**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue.

Please print all information.

6-09-2023

Restored #1503

23-05/073

| INMATE NAME *(Last, First M.I.) (Please print)* | ADCRR NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Adams, Lamont M. | 200957 | EYMAN SMU1 | 6-3-23 |

| TO | LOCATION |
|---|---|
| CO III | |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I would like to informally resolve an issue: Today Saturday June 3rd 2023 at 647hrs COII Flowell badge #10248 Just walks passed my cell without giving us the option for a shower. I asked her "when are you bringing the beard trimmers and the phone." She was walking and said we will bring it later, with a nasty attitude. So I asked for her badge # to be sure and she got upset and made a smart remark, I then said I need your badge # because you have been denying us showers because we are sleep or have light covers which isn't policy and against the law, also its 6:40 and the phone is suppose to in here at 6 AM. She started to get irrate and her co officer stepped in at the door to co sign her behavior. She stated in the cluster in the morning of June 1st 2023 that she offered every one showers except cell 04 which is my cell. Since I've been housed here (the 9th of May 2023) she (Flowell) has been keeping the phone from us and influencing her constituents to refuse us access to call our family members. Furthermore, as other inmates or residents asked her for the phone she told several residence that no one is going to use the phone because of me which is inciting or influencing to incite a Riot and turn residence against each other. This psychological and mental minipulation tactics to further oppress residence in Max custody is inhumane and is psychological war fare along with cruel and unusual punishment to keep denying showers when Federal law states residence are to have WRECK (in Max 1 hr day) which we never get, and showers at least 72 hrs which Flowell badge #10248 has been denying me cell except one time while training since the 4 weeks I've been here. Where in policy or code of conduct does it allow Correctional Officers deny access of communication without fault and or deny all residence access of phone communication because one resident pressed an officer to do her job correctly? INCOMPETENCE and INTENTIONAL NEGLECT is unprofessional and unacceptable. Then COII Flowell #10248 is initiating that everyone can use the phone except my cell which is abuse of power & conduct.

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Lamont M. Adams | 6-3-23 |

Have you discussed this with institution staff?    ☑ Yes    ☐ No

es, give the staff member name:

COII Vega
COII Medina - refused assistance
COII Garcia on June 3 2023 8:30AM

Distribution:    INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL:  White – Inmate; Canary – Grievance Coordinator File

802-11
11/16/21

## COUNT VII

1. State the constitutional or other federal civil right that was violated: 8th Amendment violation deliberately indifferent of cruel and unusual punishment of conditions of confinement

2. Count VII. Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☑ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other:

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count VII. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   COII Thabia deliberately neglected our request for movement to a cell with proper living conditions. There was no penological justification to work the pod several times leaving us in a contaminated cell. COII Thabia also denied us showers over a light cover that beems light making it hard to sleep. COII Thabia just ignored our complaints and kept walking through tracking the contaminated water (Urine and fecal) matter all over the pod and where ever else he walked to in the facility. Me    and 250841 Cuevas has had issues dealing with SMU1 staff and their deliberate indifference about our human basic needs. Camera footage and as we been told multiple times that work orders were put in multiple times about this condemned cell months prior to Cuevas and I was forced to stay in it for 3 weeks in inhumane conditions.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I have suffered chest pains, short of breath, runny nose, breaking out with rashes on my arms, emotional distress, psychological distress, spiritual distress and oppression.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III? ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

6-A

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log# | Inmate Name | ADC# | Case# | Complex | Unit |
|---|---|---|---|---|---|
| GV-23-0372 | ADAMS | 200957 | 23-057192 | TUCSON | C11 ASPC-T CIMARRON I |

In your grievance filed at ASPC-Tucson, Cimarron Unit, you state that while housed at SMUI you were denied showers, legal mail, property, and proper living conditions. You state the cell in which you were housed was condemned with mildew and mold from the leaking toilet. You further state that staff denied you chemicals to clean and that you are experiencing health issues as a result. Your proposed resolution is for staff to receive ethical training and social skills. You further propose for staff to be sanctioned.

Your second level appeal has been reviewed at Central Office and the Assistant Director's level response is affirmed. This matter was investigated and addressed at the Unit level. Nonetheless, allegations of staff misconduct involving inmates are taken seriously and referred for investigation when deemed necessary. Complaints of staff misconduct are treated as confidential and any corrective action that may be taken will not be disclosed. You have since been moved away from Eyman Complex. If you feel that your medical needs are not being adequately addressed please address this issue with medical staff through a Health Needs Request or a Medical Grievance.

This matter is considered resolved.

Cc: Warden, Tucson Complex
Warden, Eyman Complex

*M. Knabel*
_____
**Appeals Officer**

*J Barreras*
_____
**J. Barreras, Appeals Administrator**

09/29/2023
_____
**Date**

7-B



## Arizona Department of Corrections Rehabilitation and Reentry

### Inmate Grievance Appeal

| | Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal) |
|---|---|

| The inmate may appeal the Deputy Warden's decision to the Director by requesting the appeal on this form. | Received By: _Bennett_ |
|---|---|
| | Title: _____ |
| | Badge #: _3144_ |
| | Date: (mm/dd/yyyy) |

**Please Print**

| INMATE NAME (Last, First M.I.) (please print) | ADCRR NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Adams, Lamont M | 200957 | 8-25-23 |

| INSTITUTION/UNIT | CASE NUMBER |
|---|---|
| ASPC-Tucson/Cimarron | 23-057192 |

TO: CO/V Grievance Coordinator

I am appealing the decision of _Julie Bowers_ for the following reasons:

Contrary to your response I know for a fact the camera's shows in the morning Julie Bowers constituents just walking by cells and at times in a verbal discussion when it came to my cells, the response is bias of the situation. Due to the condemned cell that is noted for work orders put in way before we were housed there should have been in the response. Due to the consistent 24/7 flooding of the toilet we fell out of the circum- stance of small dosage of chemicals once a week. The toilet didn't flood with urine and fecal matter once a week. Rec was never offered until 2 and half weeks after we got there, you'll know this to try my intelligence with the frivolous response. Camera footage should also show my cell mate and I being removed from the condemned cell after 3 week's of staff neglect and

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| | | Kami Uthoff | 8/29/31 |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
2/3/21

7-C



**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Decision of Appeal**

| | Please _PRINT_ all information |
|---|---|

Check One ✓  ☐ Disciplinary Appeal    ☒ Grievance Appeal    ☐ Maximum Custody Placement

| INMATE NAME (Last, First M.I.) (Please print) | ADCRR NUMBER | INSTITUTION/UNIT | CASE NUMBER |
|---|---|---|---|
| Adams, Lamont | 200957 | ASPC-Eyman/SMU | 23-057192 |

Your appeal in the above referenced case has been reviewed. The decision of the Warden/Deputy Warden/Administrator/Hearing Officer is to:

☐ Uphold the findings    ☐ Modify the penalties    ☐ Remand to the Hearing Officer for re-hearing    ☐ Dismiss

Findings and Conclusions:

08/18/2023 – In your Grievance filed at SMU, you claim that you were denied access to the shower, to cleaning supplies, and that your assigned housing was contaminated with mold, mildew, water, and urine.

Your proposed resolution is for all staff and supervisors to undergo "ethical training" and be "sanctioned".

Your Step 1 Grievance Appeal has been reviewed at Central Office. The Grievance Coordinator's response is affirmed.

Allegations of staff misconduct involving inmates are taken seriously and referred for investigation whenever deemed necessary. These allegations have been forwarded to the appropriate Administrators for review. Complaints of staff misconduct are treated as confidential. You will not be notified of the outcome of any investigation that may or may not have been initiated, nor of any corrective action that may have been taken.

The unit Administration is monitoring the availability and issuance of cleaning supplies. While inmates have had the ability to request cleaning supplies as needed, SMU also provides cleaning supplies on a schedule. It was noted in the Response to your Informal Complaint that camera footage was reviewed and staff were observed distributing cleaning supplies to the inmate population, as well as turning out recreation/showers.

Your proposed resolution in regards to staff is denied. You will not be provided with any further information regarding the staff complaint.

This matter is considered resolved and no further action is warranted.

You may elect to appeal the Step 1 Grievance Appeal Decision to the General Counsel within 5 workdays of receipt of this decision by submitting an Inmate Grievance Appeal, Form 802-3, to the unit COIV Grievance Coordinator.

| WARDEN/DEPUTY WARDEN/ADMINISTRATOR/APPEALS OFFICER NAME (Last, First M.I.) (Please print) | |
|---|---|
| Bowers, Julie (on behalf of Step 1 Grievance Appeals, electronically signed) | |
| SIGNATURE<br>_Julie Bowers, Operations Appeals Administrator_ | DATE (mm/dd/yyyy)<br>08/18/2023 |

**Inmate Received a copy of Decision of Appeal** (Step I Only)

| DELIVERY OFFICER NAME (Last, First M.I.) (Please print) | |
|---|---|
| SIGNATURE | DATE (mm/dd/yyyy) |

Distribution:    Coordinator to make two copies of form:                                                                       803-6
        Original – Master Record File                                                                               12/10/20
        Copy – CO III, Unit CO IV Grievance Coordinator (if a 17A Disciplinary Violation)
        Copy - Institutional File
        Copy - Inmate

7-D



# Inmate Grievance/Appeal Response Notice Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** EYMAN/EYMAN SMU I

**Bldg/Bed:** C11 CB3C23T

## Case #:23-057192

## Appeal To Director

**Type:** Appeal Approve

**Date Received:** 06/08/2023 02:03:00 PM

**Response Author:** JULIE BOWERS

**Responded On:** 07/04/2023 01:51:52 PM

**Decision:** Resolved

## Case Details

**Case Number:** 23-057192

**Grievance Status:** Resolved

## Case Data

**Prison of Complaint:** EYMAN

**Opened Date:** 06/08/2023 02:03:00 PM

**Grievance Category:** Conditions of Confinement

**Unit of Complaint:** EYMAN SMU I

**Grievance Stage:** Appeal Answered

## Appeal Grievance Response

**Responder Name:** JULIE BOWERS

**Due Date:** 07/11/2023 02:49:00 PM

**Date/Time:** 07/28/2023 10:52:46 AM

**Result:** Uphold

**Response:** 08/18/2023 - In your Grievance filed at SMU, you claim that you were denied access to the shower, to cleaning supplies, and that your assigned housing was contaminated with mold, mildew, water, and urine. Your proposed resolution is for all staff and supervisors to undergo "ethical training" and be "sanctioned".Your Step 1 Grievance Appeal has been reviewed at Central Office. The Grievance Coordinator's response is affirmed. Allegations of staff misconduct involving inmates are taken seriously and referred for investigation whenever deemed necessary. These allegations have been forwarded to the appropriate Administrators for review. Complaints of staff misconduct are treated as confidential. You will not be notified of the outcome of any investigation that may or may not have been initiated, nor of any corrective action that may have been taken. The unit Administration is monitoring the availability and issuance of cleaning supplies. While inmates have had the ability to request cleaning supplies as needed, SMU also provides cleaning supplies on a schedule. It was noted in the Response to your Informal Complaint that camera footage was reviewed and staff were observed distributing cleaning supplies to the inmate population, as well as turning out recreation/showers.Your proposed resolution in regards to staff is denied. You will not be provided with any further information regarding the staff complaint. This matter is considered resolved and no further action is warranted.You may elect to appeal the Step 1 Grievance Appeal Decision to the General Counsel within 5 workdays of receipt of this decision by submitting an Inmate Grievance Appeal, Form 802-3, to the unit COIV Grievance Coordinator.

⌐ Override          ⌐ Data Input Error          ⌐ Unprocessed          ⌐ Extension

**Restitution Recommended:** No

⌐-Ξ



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

*Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal)*

The inmate may appeal the Deputy Warden's decision to the Director by requesting the appeal on this form.

Received By: a haro
Title: COIII
Badge #: 10845
Date: (mm/dd/yyyy) 07/27/2023

**Please Print**

INMATE NAME *(Last, First, M.I.) (please print)*
Adams, Lamont M

ADC NUMBER
200957

DATE *(mm/dd/yyyy)*
7-27-23

INSTITUTION/UNIT
Tucson - Cimerron

CASE NUMBER
23-057192

TO:

I am appealing the decision of GENE THORNE for the following reasons:

Due to receiving the grievance response the 23rd of July 2023. Every matter is pushed to be closed with out giving closure to inmates even after being expose to harmful and unhealthy conditions. This isn't only staff misconduct, but the D.O.C has to take responsibility for the conditions of confinement. Left to breath in urine and fecal matter that leaked from the toilet, than urine stained and molded on the bottom bunk for 4 weeks is cruel and unusual punishment. GENE Thorne you fail to mention any of this in your response to cover up this deprivement of human basic needs and violation of your contract with the courts. The staff has been putting work orders on that cell for 3 months before Ismael and I was placed there and ya'll still housed us there and when we pressed your constituents we were threatened with tickets

INMATE'S SIGNATURE
Lamont M Adams

DATE *(mm/dd/yyyy)*
7-27-23

GRIEVANCE COORDINATOR'S SIGNATURE
KAM Bitchoff

DATE *(mm/dd/yyyy)*
7/28/23

RESPONSE TO INMATE BY

LOCATION

STAFF SIGNATURE

DATE *(mm/dd/yyyy)*

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
10/16/16

Continuance on 802-7 form

J-F

**Arizona Department of Corrections
Rehabilitation and Reentry**

**Inmate Grievance – GF Supplement**

| INMATE'S NAME (Last, First M.I.) (Please print) | ADCRR NUMBER | INSTITUTION/UNIT | CASE NUMBER |
|---|---|---|---|
| Lamont N. Adams | 200957 | Tucson Cimarron | 7-27-23 |

Your staff ignored the urine puddles during their walks and just stepped over it like it wasn't there. The whole pod smelled like mildew and urine.

Your response is incorrect. Even under these circumstances we should of received chemicals daily due to consistent toilet flooding 24/7 of whatever is being flushed down the toilet. Chemicals once a week depending on which staff works is not acceptable! The response is frivolous, what it shows on camera, no wreck or no one was ever offered wreck and once a week chemicals was put in a half pint milk carton if we were lucky, this Didn't satisfy the inhuman or human conditions my cellmate and I was in. We had to breath that in for 3 weeks and a half until we pressed to be moved for the 10th time, and a female gaurd with glasses (white) showed the Professional / courtesy and pushed to move my cellmate and I. That condition I had to go through NO THIS MATTER IS NOT RESOLVED. Being denied showers because we are slop/ between 5:30-6 AM and or light covers is against policy, protocols and THE LAW. Deny or refusing showers even over the 72 hr mark is against federal law. Officers admitting that they should be writing tickets instead of denying showers knowing they'll breaking the law and policy, admitting they're being trained to be that way is corruption. Trained to break their own rules and regulations to be inhuman and use cruel and unusual punishment. All STAFF AT SMU 1 KNOWS THIS, YOU'LL WORK THERE AND BEING SILENT IS CONSENT WHICH MAKES EVERYONE GUILTY.

*A Sanitary Environment is a human basic need that was neglected*

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Lamont N. Adams | 7-27-23 |

INITIAL DISTRIBUTION:  GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION:  White or Copy – Inmate
Canary or Copy – Grievance File

802-7
2/3/21

7-6

Arizona Department of Corrections, Rehabilitation & Reentry

Grievance Details



# Inmate Grievance/Formal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** EYMAN/EYMAN SMU I

**Bldg/Bed:** C11 CB3C23T

Case #:23-057192

## Formal Grievance

**Type:** Formal Approve

**Date Received:** 06/08/2023 02:03:00 PM

**Response Author:** CAROL DANIELS

**Responded On:** 07/04/2023 01:51:52 PM

**Decision:** Resolved

## Case Details

**Case Number:** 23-057192

**Grievance Status:** Resolved

## Case Data

**Prison of Complaint:** EYMAN

**Unit of Complaint:** EYMAN SMU I

**Opened Date:** 06/08/2023 02:03:00 PM

**Grievance Stage:** Formal Answered

**Grievance Category:** Conditions of Confinement

## Formal Grievance Response

**Responder Name:** GENE THORNE

**Date/Time:** 07/04/2023 01:51:52 PM

**Due Date:** 07/11/2023 02:49:00 PM

**Result:** Resolved

**Response:** I have reviewed your formal grievance #23-057192 dated 6/22/23 and received 6/19/2023 in which you state that the informal response carried no weight or merit for the inhumane conditions of confinement. You state that staff are breaking the law with the okay of supervisors. In the informal grievance you provided that you were denied showers on 5/13/23 and 5/15/23 based on DO704compliance, that your living area has mildew and mold from water and urine. You stated that cleaning supplies were denied as well. In the investigation of the informal it was noted that the recreation turn out of your area was witnessed and that staff were observed on camera offering cleaning supplies. All allegations of staff misconduct involving inmates are taken seriously and referred for investigation. These allegations have been forwarded to the unit Administrators for review. Complaints of staff misconduct are treated as confidential. You will not be notified of the outcome of any possible investigation, nor of any corrective action that may have been taken. This matter is considered resolved.

⌐ Override                 ⌐ Data Input Error                 ⌐ Unprocessed                 ⌐ Extension

**RestitutionRecommended:** No

7-H

Violation of 31,34 under mailbox 3.0

8th Amendment violations of Const.
1st Amendment violation — Legal
Sanitary environment is a human basic need.

# ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance**

| RECEIVED BY |
| Morgan |
| TITLE |
| Cotm |
| BADGE NUMBER 2913 | DATE (mm/dd/yyyy) 6-14-2023 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) Adams, Lamont M | ADC NUMBER 200957 | DATE (mm/dd/yyyy) 6-22-23 |
| INSTITUTION/FACILITY A.S.P.C. Eyman SMU 1 | CASE NUMBER 23-057192 |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate) The MEDICAL COMPLICATIONS IS DUE TO CONDITIONS of confinement

The frivolous response carries no weight or merit for closure of the inhumane treatment and conditions of confinement. Your constituents acknowledged that they're breaking the law with the okay of their superiors. All you have to say is "staff has been constructed to write tickets for D.O.C.'s 704 violations against policy where as they're breaking policy and the LAW" "They are being trained to enforce cruel and unusual punishment! The response is an act of condoning; intentional incompetence and breaking FEDERAL LAWS" No inmate here has been giving wreck until 8th of June 2023. I've been here since the 4th of May. I haven't received none of My legal property pertaining to my PCR. I haven't received none of course material and educational books pertaining to my college courses (RIO SALADO). Why? If this is a Rehabilitation facility!!!

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

The ethical training and social skills for M.D.O.C staff and superiors for the cruel and unusual punishment, emotional distress, oppression, psychological and mental distress, human needs neglect, food deprivation and being housed in sanitary conditions. To be put in these conditions are forms of torture. Staff should be sanctioned no encouraged to write tickets

| Inmate's Signature Lamont M. Adams | Date 6-12-23 | Grievance Coordinator's Signature Thorne #3211 | Date 6/19/2023 |

| Action taken by Documentation of Resolution or Attempts at Resolution. |

| Staff Member's Signature | Badge Number | Date |

Farmer v. Brennan, 114 S.ct. 1970, 1977 (1994)... 7-I

If I decide not to go to wreck (how its an act ... don't have a choice ... a special ...

**Arizona Department of Corrections, Rehabilitation & Reentry**

Grievance Details



# Inmate Grievance/Informal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** EYMAN/EYMAN SMU I

**Bldg/Bed:** A34 WG1A430U

### Case #:23-057192

# Informal Complaint

**Type:** Informal Response

**Date Received:** 06/08/2023 02:03 PM

**Response Author:** THORNE, GENE A.

**Responded On:** 06/08/2023 02:35:45 PM

**Decision:**

# Case Details

**Case Number:** 23-057192

**Grievance Status:** Open

# Case Data

**Prison of Complaint:** EYMAN

**Opened Date:** 06/08/2023 02:03 PM

**Grievance Category:** Conditions of Confinement

**Unit of Complaint:** EYMAN SMU I

**Grievance Stage:** Informal Answered

# Informal Grievance Response

**Grievance Date:** 06/08/2023 12:00:00 AM

**Response Due:** 06/29/2023 02:04 PM

**Issue:** Conditions of confinement

**Responder:** THORNE, GENE A.

**Response:** I have reviewed your informal dated 5/15/2023 in which you provide that you were denied showers, legal mail, property and proper living conditions. You state that you were denied showers on the 13th and 15th of May by officers Babiai and Garcia for not being in compliance with DO704. Further in your complaint you state that your cell has mildew and mold from water and urine and claim that staff refuse to provide chemicals as well. In an effort to resolve these complaints a review of the schedule for your area was completed. I witnessed recreation turn out for your area on 6/6/2023 and review of the cameras for 1-A pods resulted in evidence of staff offering chemicals and cleaning supplies on Sunday 6/4/2023. Staff have been instructed to complete disciplinary violations for D.O. 704 violations. Your property was delivered on 6/5/23, If you are experiencing medical complications please use the HNR system so medical staff can review your needs. This complaint is considered resolved.

⌐Unprocessed

**Officer's Name:** GENE THORNE

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:
• Placing a single complaint on a single inmate Grievance form.

7-5

**Arizona Department of Corrections**
**Rehabilitation and Reentry**
~~Inmate Letter~~
*Informal Resolution*

| Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information. |
| --- |

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
| --- | --- | --- | --- |
| Adams Lamont M | 200957 | SMU1 | 5-15-23 |

| TO | LOCATION |
| --- | --- |
| COIII SNIEDER | WIA   23-056403 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

   I would like to informally resolve an issue: Due to the fact I am being denied that actual informal. furthermore I have been denied showers, legal mail and property, property (personal) and proper living conditions. COII Babiai and COII Garcia denied showers COII Babial on the 13th of May 2023 and COII Garcia 5-15-23. Garcia admitted to my cell mate and I that though it against prison policy and Federal law he has been working here in SMU for 5 years and this is how it's been ie denying inmates showers for days and weeks at a time.
   The Condemned cell has mildew and mold from water and urine stains on the floor and bottom bunk; the cell is so filthy due to that fact they All D.O.C. staff still denies us chemicals to clean. I am getting chest pains, short of breath, runny nose and breaking out with rashes on my arms due to these depriving and oppressed conditions of confinement; These frivolous acts proves that the D.O.C staff are all criminals and doesn't oblige to the merit of their badge and oath.

RECEIVED & ENTERED

MAY 18 2023

TIME FRAMES ST

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
| --- | --- |
| Lamont M Adams | 5-15-23 |

Have you addressed this with Department staff?  ☑ Yes  ☐ No

If yes, give the staff member's name and the date you addressed with them:

05/25/23

_____      _____      VEGA 1423
(Staff Member's Name) (Please print)      (Date addressed)

*Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.*

Distribution:  Original – Master File
          Copy - Inmate



916-1
7/25/19

**Arizona Department of Corrections, Rehabilitation & Reentry**

Grievance Details



# Inmate Grievance/Informal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** EYMAN/EYMAN SMU I

**Bldg/Bed:** A34 WG1A430U

## Case #:23-056403

## Informal Complaint

**Type:** Informal Response

**Date Received:** 05/22/2023 02:49 PM

**Response Author:** GENE THORNE

**Responded On:** 06/08/2023 02:05:03 PM

**Decision:**

## Case Details

**Case Number:** 23-056403

**Grievance Status:** Unprocessed

## Case Data

**Prison of Complaint:** EYMAN

**Opened Date:** 05/22/2023 02:49 PM

**Grievance Category:** Conditions of Confinement

**Unit of Complaint:** EYMAN SMU I

**Grievance Stage:** Informal Submitted

## Informal Grievance Response

**Grievance Date:** 05/15/2023 12:00:00 AM

**Response Due:** 06/13/2023 02:49 PM

**Issue:** Conditions Duplicate

**Responder:** GENE THORNE

**Response:** Returned unprocessed - Duplicate of 23-056403 with a due date of 6/13/2023. Please allow for a response or that date to pass. Repeated multiple submissions will result in vexatious review second warning.

☑ Unprocessed

**Reason(s) not processed:**
Duplicate

**Officer's Name:** THORNE, GENE A.

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:
• Placing a single complaint on a single inmate Grievance form.

   **NOTE:  If multiple unrelated issues are on a single form or if a duplicate complaint is filed, the grievance shall be rejected and returned unprocessed.**

**COUNT VIII**

1.  State the constitutional or other federal civil right that was violated: 8th Amendment violation deliberately indifferent of cruel and unusual punishment of condition of confinement

2.  **Count VIII.** Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
    - [x] Basic necessities
    - [ ] Mail
    - [ ] Access to the court
    - [ ] Medical care
    - [ ] Disciplinary proceedings
    - [ ] Property
    - [ ] Exercise of religion
    - [ ] Retaliation
    - [ ] Excessive force by an officer
    - [ ] Threat to safety
    - [ ] Other:

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count VIII.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    On the 8th of May 2023 COII Garcia denied my cellmate and I showers backed up by COII Thaibaux. COII Garcia denied the showers based on light covers which he could still perfectly see in the cell to account for our pressence. I has been since May 8th since we had a shower since the Unit at La Palma H side on the 9th was locked down. We addressed to COII Garcia that the no shower for light covers isn't policy you are suppose to write the ticket. We asked if he knew its against federal law to deni us showers for longer than 3 days and its against prison policy to not give showers based on light covers he is suppose to write tickets. He COII Garcia stated Quote on Quote "Though I know its against prison policy and federal law, I've been working here in SMU for 5 years and this is how its been denying shower to inmates for days and weeks at a time. We than addressed all that with the condemned cell is inhuman. He states be a better convict than me COII Garcia

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    Based on being in a condemned cell without the basic necessities and human basic needs added to the rashes on my arms, emotional distress, psychological distress, mental distress and deprivement which put me in a state of oppression.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  [x] Yes  [ ] No
    b.  Did you submit a request for administrative relief on Count VIII?  [x] Yes  [ ] No
    c.  Did you appeal your request for relief on Count III to the highest level?  [x] Yes  [ ] No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

8-A

**ARIZONA DEPARTMENT OF CORRECTIONS**

[logo] CORRECTIONS ADC

**Inmate Grievance**

Under chapter 800-802 Inmate Grievance Procedure
Under 2.4 - no response was followed thoroughly!

| RECEIVED BY |
|---|
| TITLE |
| BADGE NUMBER | DATE (mm/dd/yyyy) |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Adams, Lamont M | 200957 | 6-18-23 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| EYMAN SMU1 | 23-057190 |

**TO: GRIEVANCE COORDINATOR**

**Description of Grievance** (To be completed by the Inmate)

Due to another frivolous response by THORNE, GENEA. to keep forwarding unprocessed - this informal submitted was not a duplicate. Two inmate letters one for me to keep as proof since your staff wouldn't give me the proper inmate letters with the carbon copies! YOU KNOW THIS! To lie or use false pretenses on a government document working for a government entity is a class 5 felony under Arizona Rules of Criminal procedure. You and your constituents aren't the exception of the rule when it comes to following policies protocols and obeying the laws of the D.O.C and Constitution. Thorne states a response was due 6-16-23 still no response! The same actions durring different times desen't call for sexations of review

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

Violations against code of professional conduct and ethics. Cruel and unusual punishment and neglect of duties. To implicate false pretense to inlefere with the due process of the grievance of inmates is abuse of power and discretion. Sanctions of 40 hrs without pay is a start for the inhuman conduct and deviations from instructions of job duties.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Lamont M. Adams | 6-18-23 | | |

**Action taken by** Documentation of Resolution or Attempts at Resolution.

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| Simmons | 5799 | 6-19-23 |

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

8-B

(left margin, vertical text) Due to staff not working to standards when forced to COIII recieves also with the DW.
6-B

**COUNT IX**

1.    State the constitutional or other federal civil right that was violated: 8th Amendment violations deliberately underference of cruel and unusual punishment of conditions of confinement

2.    **Count IX.** Identify the issue involved.   **Check only one.**   State additional issues in separate counts.
☑ Basic necessities          ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.** State as briefly as possible the FACTS supporting Count IX.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

Due to the negligence of CO4 Gene A. Thorne of the conditions of confinement on 6-08-23 theres no mention of resolvement of the issue and was agnored legal property is suppose to be delivered to me within 72 hrs of housing. As the documents states it was neglected until 6-5-23 after I arrived May 9th 2023. this caused me to miss dead lines for Post conviction Relief and access to the courts. The consistant urine and fecal matter leaking from the toilet after use, and toilet water from our cell leaking 24/7 made my cell and I an exception of the rule to be able to clean the cell through the day. Chemicals once a week isn't enough when the D.O.C staff tells us they ran out or just don't feel like passing out chemicals. We were left to fill up a 240 mL milk carton which isn't sanitary enough for the hazardus water on the floor all day. It is more likely than not that CO4 Thorne is going to back the Arizona State Department and its constituents in their foul play and deliberate indifference. When all staff is using this abuse of power and bluntly tells us this is how they implement rules in SMU all their superiors are silent which means consent. The formal grievane. also has the fecal matter redacted out of my original complaint but does note the urine is Thornes response but no solution about us being in this condemned cell. Than ends with me not being notified of any outcome and the matter is considered closed with no closure. Due to the fact that wreck wasn't implemented until 3 weeks after makes the statement in his response a lie due to injunctions pressed to force 30 minutes well fare walks and wreck after the fact

4.    **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Through the inaction of Gene, Thorne to turn a blind eye and exagerate paper work and down play the human basic need violation, I went through emotional distress, psychological distress, mental distress consistant deprivement of staff misconduct and abuse of power corrections.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☑ Yes     ☐ No
b.    Did you submit a request for administrative relief on Count III?          ☑ Yes     ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?  ☑ Yes     ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

G. A

**COUNT 10**

1.   State the constitutional or other federal civil right that was violated: 8th Amendment violations denial of human basic needs by neglecting to resolve the matter of poor conditions of confinement

2.   **Count 10.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☑ Basic necessities          ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety      ☐ Other:

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count 10.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

Carol Daniels responsed before Gene Thorne and neglected any resolve for us being placed in a condemned cell. She agnored the poor conditions of confinement. To gas-light the denial of showers and chemicals robiticly saying the same thing in their responses to cover up a material fact to hide the flaws and deliberate indifference of her constituents. She is showing deliberate indifference through her inaction and deflecting from the complaint addressed. There never was recreation for shower turn cuts. Their house rule is if you don't go to wreck you don't get a shower which is not policy but more deprivement to the incarcerated to convenience them to make their job easier Carol Daniels involvement in this corruption is in the proof of her responses to help and co-sign her constituents to cover up abuse of power. To be put in these conditions is a form of torture and psychological war fare. Furthermore is cruel and unusual punishment U.S constitution and Arizona Constitution. The ethical and social skills are poor and neglected up to the superiors of the staff. Carol Daniels knowing that her constituents are being trained to enforce cruel and unsual unusual punishment and deprive us of human basic needs.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
Through the inaction of ~~Carol Daniels~~ Carol Daniels turn a blind eye and exaggerate the material facts in the internals and cherry pick which complaints she can gaslight in the process violating human basic needs put me through emotional, physical, psychological and mental distress, food diprivation and threats and a timidation

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☑ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count 10?                         ☑ Yes    ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?               ☑ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

10-A

# COUNT III

1. State the constitutional or other federal civil right that was violated: 8th Amendment violations of United States Constitution showing deliberately indifference to cruel and unusual punishment

2. **Count III.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - [x] Basic necessities
   - [ ] Mail
   - [ ] Access to the court
   - [ ] Medical care
   - [ ] Disciplinary proceedings
   - [ ] Property
   - [ ] Exercise of religion
   - [ ] Retaliation
   - [ ] Excessive force by an officer
   - [ ] Threat to safety
   - [ ] Other:

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Julie Bowers responded to the informal on 07-04-203 01:51:52 PM and the step I Grievance appeal on 8-18-23 show deliberate indifference and cherry picking details out of the document from my complaint which is a fanciful scheme to defraud me of credibility and insult my intelligence of the truth of the matter. To hide and cover up this material fact. The solution to the problem addressed requires more than ethical training and sanctions but litigation. Abuse of power, deliberate indifference and to cover up cruel and unusual punishment deprives me of my 8th Amendment rights. She did nothing but turned a blind eye and hindered the paperwork twisting the words with the documented complaint and not acknowledging the constitutional violations of her constituents in the practice of cruel and unusual punishment. Silence means consent. This continued in the The decision of the appeal

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Due to the cruel and unusual punishment and conditions of confinement; emotional distress; oppression; psychological distress; mental distress and my body went through physical distress. Food deprivation and threats and a trimidation.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    [x] Yes    [ ] No
   b. Did you submit a request for administrative relief on Count III?    [x] Yes    [ ] No
   c. Did you appeal your request for relief on Count III to the highest level?    [x] Yes    [ ] No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

10-A

## COUNT 12

1. State the constitutional or other federal civil right that was violated: 8ᵗʰ Amendment Violations of United States Constitution showing deliberately indifference to cruel and unusual punishment.

2. **Count 12.** Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
   - ☑ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count 12.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

The Warden of Eyman Complex in the response still didn't implement the full disclosure of the complaint about the urine and fecal matter that would leak from the toilet. To say only the mildew and mold is the half truth of information written in the prior government document. Not only is this a 8ᵗʰ Amendment violation but a violation of A.R.S. § 13-2311 title 13 chapter 23 under fraudulent schems and practices. The Wardens constituents were authorized to use these tactics under his authority and don't feel that their going to be held accountable under his authority. These practices under the Arizona State Prison and Warden are not acceptable and his responses gives no closure or compensation to these conditions of confinement of cruel and unusual punishment

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Cruel and unusual punishment: emotional distress, oppression, mental distress, psychological distress, and physical distress, food deprivation, threats and a harrasion

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☑ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count 12?   ☑ Yes   ☐ No
   c. Did you appeal your request for relief on Count 12 to the highest level?   ☑ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

12

## COUNT ~~II~~ 13

1.  State the constitutional or other federal civil right that was violated: The 5th Amendment, 14th Amendment, the 5th Amendment applies to federal action and the 14th Amend violation applies to state action.

2.  **Count** ~~II~~.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☑ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count ~~II~~.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

On 3-5-23 I submitted an inmate letter 916-1 form which I still have the carbon copy and should be seen on camera for the day, me putting it in the box. This was to The Warden Freeland A.DC and Corecivic Warden         and Deputy Warden. The inmate letter explains how SSU who is orchestrating biased moves for political reasons in favor of the Mexican Americans to out number the blacks leaving me to be put in bad predicaments if a riot broke out. I was in cell 220 where as from 215 - 232 I was the only black male on the top tier. I would be left to fight off 24 people all by myself. I witness blacks reference people to be moved to the pod and automatic decline and gas lighted on how the moves worked. I also have requested certain people to be moved to help with their mental health, must I note non-political. All the people that are intentionally moved are STG and politically involved with racist and bias agendas. My inmate letter was ignored with no response. Moeing and I was left in their by ourselves Moeing moved to Corcoan at La Palma, Corecivic so for 4 months I was by myself in that corner. I also stated in the inmate letter to full fill the policy of racially bound and if I get moved I would consider it retaliation. I asked for the name and badge number of the last two people working count movement who is assisting SSU with this corruption. Two months later I was searched and sanctioned right away for being forced to apply myself to protect my life and well being because Corecivic and A.DC security threat teams are comprimised.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

Mental distress, psychological distress, physical distress, spiritual distress deprivement of education, legal access, Rehabilatation, human basic needs and proper food portions (food deprivations,

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?  ☑ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☑ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____

4

13

**COUNT 14**

1.  State the constitutional or other federal civil right that was violated: The 5th Amendment, 14th Amendment
the 5th Amendment applies to federal action and the 14th Amend violation applies to state action.
Also the 8th Amendment

2.  **Count 14.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail            ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☑ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count 14.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

On 3-5-23 I submitted an inmate letter to the Warden (corecivic-D.O.C) Assistant Dep Warden D.O.C. based on the Chief of Staff & SSU's comprimised by prison stb affiliates. Cheif Raez and Cheif White of S.S.U never responded nor resolved this security issue. The neglect and failure to acknowledge this security issue amongst Black inmate's shows consent and deliberate indifference. To be punished for protecting myself from orchestrated security risk under Cheif White's watch proves intentionally competence. Failure to act made Cheif White liable with me and these constitutional violations and failure to intervene with the possibility to leave me subjected to brutality by other inmates. All staff and their constituents who know, or reasonably should know that a prisoner is being treated unconstitutionally may be held liable if they fail to do anything about it. After I left weeks, possibe a month a riot was incited and at black male was killed ie stabbed to death

_____

_____

_____

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

Physical distress where I had to protect myself from the possibility of being attacked by 24 people Emotional distress from the neglect and being forced to make a decision based on SSU's corruption Psychological distress not knowing what may happen because of all the circumstances

5.  **Administrative Remedies.**
a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                         ☑ Yes   ☐ No
b.  Did you submit a request for administrative relief on Count III?          ☑ Yes   ☐ No
c.  Did you appeal your request for relief on Count III to the highest level?   ☑ Yes   ☐ No
d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

8

14

## COUNT 15

1. State the constitutional or other federal civil right that was violated: 5th Amendment, 4th and 14th Amendment 8th Amendment

2. **Count 15.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☑ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☑ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other:
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count 15. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   The Warden for Corecivic showed mere negligence or carelessness displaying deliberate indifference and or reckless disregard for safety failing to respond to my inmate letter dated 3-5-23 addressing the corruption of his security threat team working with racist prison affiliates leaving me to defend myself against over 20+ people by myself putting me in a position where I had to find ways to protect myself than I get punished and sanctioned for it being deprived of all mentioned in these documents. The constitution requirements requires prison and jail officials to provide reasonable safety for prisoners. This isn't required to show these as this aspect for only one race but all. The organized housing shows deliberately indifference and who is housed in these living quarters. Due to these structed housing orchastrated by prison staff and inmates is set up to protect one race. Racial biasress is the number one agenda targeted towards the blacks and the Arizona Department of Corrections exercise these tactics which Corecivic is contracted with this entity. The excessive risk to health and safety set up by Warden Howard and his constituents of my well being neglecting intentionally that a substaintial risk of serious harm was at risk when a riot occurred. To put me in a position to be harmed and or harm another is far more than poor judgement.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I suffered psychological, emotional and mental distress. Deprivation of human basic needs, access to the courts, cruel and unusual punishment and due proccess of the disciplinary to cover up material facts

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Count 15? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

15

# COUNT 16

1. State the consititutional or other federal civil right that was violated

   5th, 4th, 14th Amendents.

2. Count 16 identify the issue involved. Check only one

   ☒ Basic necessities

3. Supporting Facts

Thornell, Ryan F. who is over the A. S. P. and or A. D. O. C employees' who showed actions that impose "Atypical and Significant harship on me n relation to the ordinary incidents of prison life. Who showed deliberate indifference corruption, cruel and unusual punishment, due process violations 'shall show accountibility for the constituents working under his watch. Not only the information already uddressed, but when security threat staff jeopardises the security and well being for whatever benefit with the prison organization with inmates or residences based on race is highly discrimintory. To the point that I had to find my own way to make sure I can protect myself. Before these measures were taking I confronted the information and situation on form 916-1 inmate letter on 3-5-23 which I still have the carbon copy The response was deflected and neglected. I also wrote if I was to be moved instead f making it a safe environment for everyone I would consider it an act of retiliation I proceeded to find the means to protect myself against over 23 people I would encounter by myself if a riot was incited. I was punished and put through all the cruel and unusual punishment and depriverment of human basic, legal access and ethical treatment/Professional is an embarrassment to the administrative entity

16                                        1-A

COUNT 16

Continuence

4. Injury. State how you were injured by the actions or inactions
   of the Defendant(6).

   I suffered psychological, emotional and mental distress. Deprivation
of human basic needs, access to the courts, cruel and unusual punishment
due process of the disciplinary procedure, kept from being heard, and deprived
of rehabilitation and reentry. Well being deprived and food deprived.

5. Administrative Remedies.
   (a)                                          Yes
   (b)                                          Yes
   (C)                                          Yes
   (D)                                          Yes

COUNT 17

1. State the constitutional or other federal civil right that was violated:

The 5th, 14th, 4th, 8th Amendments of the Constitution

☑ Basic necessities

3. Supporting Facts

Due the fact my cellmate and I was housed in a condemned cell with urine and defecation that leaked from the toilet that staff consistantly put in workorders for, and staff still housed us there under the care of Arizona State Department of Corrections care. Its staff neglected their policy and procedures with the practice of using cruel and unusual punishment as a tool to oppress even under injunctions of the courts proves of the intentional incompetence of the staff and ethical violations condoned by the superiors of the A.D.O.C staff.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s)

Deprivations of human basic needs, showers, chemicals, emotional, psychological, and mental distress. Physical distress

5. Administrative Remedies

| a | Yes |
| b | Yes |
| c | Yes |
| d | Yes |

17

CoreCivic 18

# COUNT 18

1. State the constitutional or other federal civil right that was violated:

The 5th Amendment, 14th Amendment; the 5th Amendment applies to federal action and the 14th Amendment violation applies to state action.

2. ☑ Disciplinary proceedings

3. Supporting Facts. State as briefly as possible the FACTS supporting Count 18. Describe exactly what each defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or argument.

Due to the information giving to Detective Medrono badge# 556 and his two constituents on May 9th 2023 about staff members working and compromised by prison organizations determined by their race that forms corruption and is against the blacks. This being kept out the report due to the fact these detectives and SSU (threat security group) works and are contracted by Corecivic. Corecivic staff and superiors were aware because they control the rotation of the population. About two months after the incident a riot erupted and to blacks were badly assaulted and one died. This also falls under threat to my safety and well being.

4. Injury. State how you were injured by the actions or inactions of the Defendant-(s).

The missing information in reports is unduly restrictive and deprived me of the due process the constitution provides me, to hide the corruption of its constituents. I've suffered pyschological distress, emotional distress and deprivation of my well-being and safety.

1 - A

Core Civic 18

# COUNT 18

## 5. Administrative Remedies

| | |
|---|---|
| a | Yes |
| b | Yes |
| c | Yes |
| d | Yes |

1 - B

Arizona Department of Corrections
Rehabilitation and Reentry

Inmate Grievance – GF Supplement

CC#7729

| INMATE'S NAME *(Last, First M.I.) (Please print)* | ADCRR NUMBER | INSTITUTION/UNIT | CASE NUMBER |
|---|---|---|---|
| Adams, Lamont | 200957 | Tucson-Cimarron | |

It is also proven that I didn't receive the response on the 3rd of August 2023 because COIII Loften was gone for over a week at the begining of August 2023. COIII Loften knows this and still let CO4 Millhoff coercive the failure of me to follow DO 802 policy which is frivolous. COIII Loften was gone for a whole week her responsibility is not mine. The greivance went into the box two days after I received it. CO4 Millhoff praves to be biased towards the residence favoring the entity she works for by interfering consistantly with our due process deviating from her job duties. As longas CO4 Millhoff holds her title I will be prejudiced and will seek litigation for being deprived of exhaustion of administrative ~~law~~ remedies and using the federal prison Litigation Reform Act which is extremely unconstitutinal. CO4 Millhoff also violates the Equal Protection of the Law the 14th Amendment forbids this. The information in this document is the truth! No greivance is responded to the same day referring to the 7-18-23 same day I turned it in. CO4 Millhoff claims she responded with the document with my signature is frivolous. COIII Loften wasn't even here for a week plus from me to receive that response in a timely manner. COIII Loften was silent about this which means consent. All this proves incompetence and shouldn't reflect on my constitutional rights. The week before last Loften was on Vacation her absence is proof!

| SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Lamont L Adams | 8-16-23 |

INITIAL DISTRIBUTION:    GF Supplement – White and Canary or Copies - Grievance Coordinator
                         Pink, or Copy - Inmate

FINAL DISTRIBUTION:      White or Copy – Inmate
                         Canary or Copy – Grievance File

802-7
2/3/21

1-C

Arizona Department of Corrections, Rehabilitation & Reentry

Grievance Details



# Inmate Grievance/Informal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** TUCSON/TUCSON CIMARRON

**Bldg/Bed:** C11 CB3C23T

## Case #:23-058717

## Informal Complaint

**Type:** Informal Response

**Date Received:** 07/10/2023 10:11 PM

**Response Author:** MILLHOFF, KRISHNA A

**Responded On:** 07/10/2023 10:25:05 PM

**Decision:**

## Case Details

**Case Number:** 23-058717

**Grievance Status:** Unprocessed

## Case Data

**Prison of Complaint:** TUCSON

**Opened Date:** 07/10/2023 10:11 PM

**Grievance Category:** Department Order/Institution Orders

**Unit of Complaint:** TUCSON CIMARRON

**Grievance Stage:** Informal Answered

## Informal Grievance Response

**Grievance Date:** 05/09/2023 12:00:00 AM

**Response Due:** 07/31/2023 10:12 PM

**Issue:** Disciplinary

**Responder:** MILLHOFF, KRISHNA A

**Response:** Your informal complaint addresses that in disciplinary 23-EY1-000845 proper procedures and steps were not taken. You further state that your due process was violated at the appeal level when the response given addressed a violation that varied from the one which you received. You received the 1st level appeal response on 6/9/2023 the 2nd level appeal on 6/21/2023. DO 802 7.6 states that the decision of the General Counsel or designee is final and constitutes exhaustion of all remedies within the Department. Based on this information and DO 802 1.4 that states that Inmate Grievance Procedure does not serve as a duplicate appeal process or substitute appeal process for the following, which have independent appeal processes: 1.4.1 Disciplinary Hearing Process outlined in Department Order #803, Inmate Disciplinary Procedure. Your complaint will not be investigated or addressed. It is identified as UNPROCESSED and may not elevate to the grievance level. Your complaint is closed.

☑ **Unprocessed**

**Reason(s) not processed:**
Cannot be grieved/has independent appeals process
Past the time frame

**Officer's Name:** KRISHNA MILLHOFF

1-D

I didn't receive the Appeal H response

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. ✓ *D.O. 361*

Please print all information.

93-058717

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Adams, Lamont M | 200957 | Tucson - Cimarron | 7-10-23 |

| TO Grievance Coordinator Millhof | LOCATION Tucson — Unit Cimarron |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am attempting to resolve an issue. the Abuse of the disciplinary system and policy. On 5-9-23 Detective Medrano #556 violated DO803-3.2 by not making a report with a full explanation of supporting facts. Det. Medrano left out the information discussed with him and his two constituents pertaining to D.O.C staff which explains info relating to the incident to hide facts concerning staff. The same information on my 916-1 form submitted the lead to the conduct of the violation which He (Medrano) violates also 3-3-3.3.3. Due to this Adams (Myself) advised Detective how is the write up going to look when you put in your report that since your constituents is working with prison organizations which by design has me being the only black inmate from cell 215 — 232 surrounding by all Mexicans (who SSU works with) in a political and bias environment, and if something happens (riot) I'm left to defend myself against 32 people. My roommate is a witness to this conversation left out the report. This info was put in a 916-1 form which was submitted to the Warden, D.W, and A.D.W at programs. I still have the carbon copy addressing the factual background of the information. Leaving this out was a Due Process violation. My Step I and II was denied. 916-1 form submitted 3-5-23, Two months before the incident. Furthermore the D.H.O neglected to allow me to call witnesses and ask why Medrano didn't disclose this in reports which due to policy is a DUE PROCESS VIOLATION. More Due process violations by the Appeals Administrator J. Barreras who neglects his own policies in the Department Order abusing the discretion. J. Barreras states on the appeal denial on 6-21-23 comes to the conclusion to deny my appeal based on investigation findings of guilt. His finding is of a possession of a communication device 16A which is so invalid and consistently inconsistent it further explains how DUE PROCESS violations is ignored. The ticket was for a 15A possession of a weapon. Even down to the final judgment is a Due process violation and this entire is just finding guilt without a thorough investigation. This ticket should have been dropped way before it came to this. J. Barreras investigation findings is frivolous and is a major mistake of facts and violates my Due process.

| INMATE SIGNATURE Lamont M Adams | DATE (mm/dd/yyyy) 7-10-23 |
|---|---|

Have you discussed this with institution staff?   ☑ Yes   ☐ No

If yes, give the staff member name:  COIII Loftin, Corporal Hall

Distribution:  INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

1 - E

802-11
6/25/14

*(left margin handwritten):* The information in this Document based on a current form 916-1 doesn't disclose everything to inform myself and others to prevent the D.O.C staff to keep coinciding with Bias and Abuse of the disciplinary system. The information on this Document is orderly bound living scenarios to prevent the D.O.C staff to keep coinciding with Bias. It not only to expose

ADAMS Didn't receive the Appeal response

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Adams, Lamont M | 200957 | Tucson - Cimerran | 7-6-23 |

| To: Grievance Coordinator Appeals or Millnet or Willner Administrator | Location |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

The problem and issue I am attempting to resolve of the policy of the disciplinary system. On 5-9-23 Detective Medrena #556 violated policy by redacting or cherry picking the information that should of been addressed on the disciplinary charge to limit the scope of information about staff. The violation under D.O803 — 3.2 "An inmate Disciplinary report form shall contain only one violation per incident with a full explanation of supporting facts. The violation charge shall be the one with the highest severity." Furthermore violation of 3.3 — 3.3.3 The conduct detailed discription that constitute the violation. Due this violation: Inmate or resident Adams advised Detective Medrena #556 how is the write up going to look when you have to put in your report that since your constituent's is working with prison organizations — a have me on the Top Tier from cell 215 - 232 by myself as a black male surrounding or sourrended by all mexicans in a political environment, if something happens thats out my control I have to defend myself against 32 people systematically set up with inmates and SSU I had to take precautions to protect myself. Must I note the facily staff violates the ARIZONA Department Order Manual Procedures 1.0 incident command system 1. 2.1.1 — 1.24. Not just provide safety to informants of political, biased and alleged political leaders. This was provided on an inmate letter form 916-1 on 3-5-23 sent to programs to The Deputy Warden or Warden or Ass Deputy Warden which Adams never received a response. None of this was reported by Medrena #556. I still have the Carbon copy of the inmate letter and my family member still has the 6 page letter sent on 3-7-23 with the same incident or info on 916-1 I appealed the charge based on these fact: Detective Medrena #556 didn't disclose full report about the incident to hide important facts on D.O.C staff actions while Adams took precautions: 2) Due to the Disciplinary Coordinator and Disciplinary hearing officers Responsibility Due Process D.O 803.01-9.6 — Never provided Adams to obtain witnesses were disclosure would not compromise the safety and security of Adams; 2) Never gave Adams to question the 2 officers and 1 with the dog about why info was left out the report. STEP I unwas denied. Adams submitted step II with the same abuse of discretion was denied like his claims are frivolous with it Adams has proof of Due process violations to favor the Arizona Department of Corrections staff members conduct and conceal it. Now more Due Process violations by Rejecting the step II by J. BARRERAS, APPEALS AMINISTRATOR who just denies Adams #13 due process rights with out even investigating all issues and scopes of remedy Adequacy of Proof: On 6/21/23 J Barreras comes to the conclusion to deni my appeal step based on an investigation that the findings of guilt was met for a 16A Possession of a communication device FALSE The actual charge was 15A possession of a weapon with this further proves Due Process violations. Due To All these facts the Disciplinary charge should be dropped

| Inmate Signature | Date |
|---|---|
| Lamont | 7-6-23 |

Have You Discussed This With Institution Staff? ☑ Yes ☐ No

If yes, give the staff member's name: Cott Leftn cn 7-5-23

1-F

Cosby Vs. Purkett, 782 F.Supp.1324, 1330-31 (E.D. Mo. 1992)

COUNT 19

1. State the constitutional or other Federal civil right that was violated: 5th, 4th and 14th Amendments; followed by negligence of the 8th Amendment violations pressed in the initial complaint, brough under the Due process clause of the grievence system and under the 8th Amendment.

2. Count 19. Identify the issue involved. Check only one. State additional issue in seperate counts.
   ☑ Disciplinary proceedings

3. Supporting facts. State as briefly as possible the FACTS supporting Count 19. Describe exactly what each defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Krishna A. Nillhof's response is purposly to undermine my claims. the intial 8th Amendment threats to safety and the process addressed cordially with policy and administrative remedy is neglected. Threats to well being neglected and not investigated to uphold sanctions and violate my due process. The coercived findings of a 16A when it was written up a 15A is a major violation. I submitted an inmate letter 7-6-23 though I didn't receive a response of the Appeal II until 7-3-23. I submitted the 916-1 form citing Cosby Vs. Purkett on the form. Explained in great detail of the poor and bad investigation work of J. Barreras. The misinformation and disinformation of the facts deludes the ticket as void with the sanctions. The due process was neglected and COIV Nillhoff intentionally showed deliberate indifference by covering up these facts. On 7-10-25 I wrote up an informal on a 802-11 and it was responded as an unprocessed so it couldn't be investigated, as I must note that the situation as a whole addresses staff comprmised and corruption. All from not being investigated

19                                    1-A

COUNT 14

Continuence

4. Injury. State how you were injured by the actions or inactions of the Defendant(s)

Due to the deviations of her job duties, was I not only deprived of my well being, creating significant hardship to maintain a cordial mental and mind with education. Because of the deprivement of the due process condoned, I've suffered anxiety, emotional, physical and psychological distress. Deprived of the right to be heard and Arizona state Prison officials to follow their Policies and Procedures without bias prejudice and with accountability.

5.) Administrative Remedies.

(a)                                    Yes

(b)                                    Yes

[c]

(D)    I couldn't submit an appeal because COIV Nillhoff kept sending the documents back unprocessed and kept stating no investigation will acted on my claim.

19                                              1-B

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log# | Inmate Name | ADC# | Case# | Complex | Unit |
|------|-------------|------|-------|---------|------|
| GV-23-0373 | ADAMS | 200957 | 23-059390 | TUCSON | C11 ASPC-T CIMARRON I |

In your grievance filed at ASPC-Tucson, Cimarron Unit, you state that while housed at SMUI staff denied you access to the showers and phones. You make additional allegations which were not included in the lower grievance levels and will not be addressed. Your proposed resolution is for the involved staff members to be sanctioned with 40 hours leave without pay.

Your second level appeal has been reviewed at Central Office and the Assistant Director's level response is affirmed. As expressed in the Assistant Director's level response, allegations of staff misconduct involving inmates are taken seriously and referred for investigation when deemed necessary. Complaints of staff misconduct are treated as confidential and any corrective action that may be taken will not be disclosed.

This matter is considered resolved.

Cc: Warden, Tucson Complex
Warden, Eyman Complex

_M. Knabel_
**Appeals Officer**

_J. Barreras_
**J. Barreras, Appeals Administrator**

09/29/2023
**Date**

1-C

*Where is the first informal resolution ???*



**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Inmate Grievance Appeal**

| Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal) |
| --- |

| The inmate may appeal the Deputy Warden's decision to the Director by requesting the appeal on this form. | Received By: E II Barnett |
| --- | --- |
| | Title: |
| | Badge #: 3649 |
| | Date: (mm/dd/yyyy) |

*The condemned cell also wasn't mentioned*

**Please Print**

| INMATE NAME (Last, First M.I.) (please print) | ADCRR NUMBER | DATE (mm/dd/yyyy) |
| --- | --- | --- |
| Adams, Lamont M | 200957 | 8-25-23 |

| INSTITUTION/UNIT | CASE NUMBER |
| --- | --- |
| ASPC-Tucson / Cimarron | 23-059390 |

TO: COIV Grievance Coordinator

I am appealing the decision of _Julie Bowers_ for the following reasons:

Due to the disciplinary sanctions for the phone I still have access to check my inmate banking account using the no calls to family for sanctions doesn't bring closure to the misconduct of your constituents. Prior to no successful phone calls since 2021 is the A.D.O.C refusing to update my sisters phone number to the new one which she has been trying to do since 2020. The D.O.C and Julie Bowers hasn't proved that my cellmate and I were giving showers to rebute my claims You and your staff know that inmates are denied showers if they are still sleep at 5:30 - 6 am in the morning or if light covers are up. Showers aren't to be denied for light covers only tickets. The cameras shows if I received a shower or not proves your investigation is incompetent or intentionally neglected.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
| --- | --- | --- | --- |
| Lamont M Adams | 8-25-23 | KaMillhee | 08/29/23 |

| RESPONSE TO INMATE BY | LOCATION |
| --- | --- |
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
| --- | --- |
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL:    White – Inmate
Canary – Grievance File

802-3
2/3/21

1-D



**Arizona Department of Corrections
Rehabilitation and Reentry**

**Decision of Appeal**

*Please PRINT all information*

Check One ✓  ☐ Disciplinary Appeal   ☒ Grievance Appeal   ☐ Maximum Custody Placement

| INMATE NAME *(Last, First M.I.) (Please print)* | ADCRR NUMBER | INSTITUTION/UNIT | CASE NUMBER |
|---|---|---|---|
| Adams, Lamont | 200957 | ASPC-Tucson/Cimarron | 23-059390 |

Your appeal in the above referenced case has been reviewed. The decision of the Warden/Deputy Warden/Administrator/Hearing Officer is to:

☐ Uphold the findings   ☐ Modify the penalties   ☐ Remand to the Hearing Officer for re-hearing   ☐ Dismiss

Findings and Conclusions:

08/18/2023 – In your Grievance filed at Cimarron Unit, you claim that officers at SMU refused you phone and shower access.

Your proposed resolution is for the staff to be sanctioned with 40 hours leave without pay.

Your Step 1 Grievance Appeal has been reviewed at Central Office. The Deputy Warden's response is affirmed.

You have two approved visitors to whom calls could potentially be placed. You have not placed a successful phone call since 2021. Enforcer records indicate that your telephone access was suspended twice during calendar year 2023 due to disciplinary violations. Notably, your telephone access was suspended during the time that you claim staff refused to provide you with the phone.

While you have not provided any evidence that showers were not provided on specific dates at specific times, allegations of staff misconduct involving inmates are taken seriously and referred for investigation whenever deemed necessary. These allegations have been forwarded to the appropriate Administrators for review. Complaints of staff misconduct are treated as confidential. You will not be notified of the outcome of any investigation that may or may not have been initiated, nor of any corrective action that may have been taken.

Your proposed resolution is denied.

This matter is considered resolved and no further action is warranted.

You may elect to appeal the Step 1 Grievance Appeal Decision to the General Counsel within 5 workdays of receipt of this decision by submitting an Inmate Grievance Appeal, Form 802-3, to the unit COIV Grievance Coordinator.

| WARDEN/DEPUTY WARDEN/ADMINISTRATOR/APPEALS OFFICER NAME *(Last, First M.I.) (Please print)* | |
|---|---|
| Bowers, Julie (on behalf of Step 1 Grievance Appeals, electronically signed) | |
| SIGNATURE  *Julie Bowers, Operations Appeals Administrator* | DATE *(mm/dd/yyyy)*  08/18/2023 |

**Inmate Received a copy of Decision of Appeal** *(Step I Only)*

| DELIVERY OFFICER NAME *(Last, First M.I.) (Please print)* | |
|---|---|
| SIGNATURE | DATE *(mm/dd/yyyy)* |

Distribution: Coordinator to make two copies of form:
Original – Master Record File
Copy – CO III, Unit CO IV Grievance Coordinator (if a 17A Disciplinary Violation)
Copy - Institutional File
Copy - Inmate

803-6
12/10/20

1-E

Arizona Department of Corrections, Rehabilitation & Reentry

Grievance Details



# Inmate Grievance/Appeal Response Notice Non-Medical

**Inmate Name:** LAMONT ADAMS

**Prison/Unit:** TUCSON/TUCSON CIMARRON

**ADC#:** 200957

**Bldg/Bed:** C11 CB3C23T

## Case #:23-059390

## Appeal To Director

**Type:** Appeal Approve

**Date Received:** 07/24/2023 12:01:00 PM

**Response Author:** JULIE BOWERS

**Responded On:** 07/24/2023 12:06:28 PM

**Decision:** Resolved

## Case Details

**Case Number:** 23-059390

**Grievance Status:** Resolved

## Case Data

**Prison of Complaint:** TUCSON

**Unit of Complaint:** TUCSON CIMARRON

**Opened Date:** 07/24/2023 12:01:00 PM

**Grievance Stage:** Appeal Answered

**Grievance Category:** Department Order/Institution Orders

## Appeal Grievance Response

**Responder Name:** JULIE BOWERS

**Date/Time:** 07/24/2023 12:08:44 PM

**Due Date:** 08/14/2023 12:05:57 PM

**Result:** Uphold

**Response:** 08/18/2023 - In your Grievance filed at Cimarron Unit, you claim that officers at SMU refused you phone and shower access. Your proposed resolution is for the staff to be sanctioned with 40 hours leave without pay. Your Step 1 Grievance Appeal has been reviewed at Central Office. The Deputy Warden's response is affirmed. You have two approved visitors to whom calls could potentially be placed. You have not placed a successful phone call since 2021. Enforcer records indicate that your telephone access was suspended twice during calendar year 2023 due to disciplinary violations. Notably, your telephone access was suspended during the time that you claim staff refused to provide you with the phone. While you have not provided any evidence that showers were not provided on specific dates at specific times, allegations of staff misconduct involving inmates are taken seriously and referred for investigation whenever deemed necessary. These allegations have been forwarded to the appropriate Administrators for review. Complaints of staff misconduct are treated as confidential. You will not be notified of the outcome of any investigation that may or may not have been initiated, nor of any corrective action that may have been taken. Your proposed resolution is denied. This matter is considered resolved and no further action is warranted. You may elect to appeal the Step 1 Grievance Appeal Decision to the General Counsel within 5 workdays of receipt of this decision by submitting an Inmate Grievance Appeal, Form 802-3, to the unit COIV Grievance Coordinator.

☐ Override                ☐ Data Input Error                ☐ Unprocessed                ☐ Extension

**Restitution Recommended:** No

I–F

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

| | Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal) |
|---|---|

| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received By: _Barnes D_ |
|---|---|
| | Title: _CoII_ |
| | Badge #: _13077_ |
| | Date: (mm/dd/yyyy) _07/20/2023_ |

*Please Print*

| INMATE'S NAME (Last, First M.I.) (please print) _Adams, Lamont M_ | ADC NUMBER _200957_ | DATE (mm/dd/yyyy) _7-19-23_ |
|---|---|---|
| INSTITUTION _Tucson - Cimennen_ | CASE NUMBER ~~23-056590~~  23-059390 | |

TO:

I am appealing the decision of _Deputy Warden D. Morman_ for the following reasons:

The response is inadequate and missing information. The subject of the phone neglect is only mentioned but the major issue of deprivation of a human basic need was intentionally neglected which is against policy and federal law. Every 3 days residence shall receive showers. Secretcy of monitcm clause of power and misconduct of staff gives no accountability for resolve Meant. Though the response states the D.W is unable to address or investigate issues that occurred at another complex, I have CoIII and Co4's responding to issues from internals & Grievances here from another complex to close the claims. Me being moved from the Unit the issue occurred doesn't clearify it to be resolved, therefore G. Coordinator Thorne #3211 should be the responder of the issues at SMU1 not Emerson-Millhott, as the response clearifies Not the D.W Morman

| INMATE'S SIGNATURE _LM Adams_ | DATE _7-20-23_ | GRIEVANCE COORDINATOR'S SIGNATURE _Kami Uttroff_ | DATE _7/24/23_ |
|---|---|---|---|

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|

DISTRIBUTION: INITIAL:  White & Canary – Grievance Coordinator
                    Pink – Inmate
          FINAL:    White – Inmate
                    Canary – Grievance File

802-3
12/12/13

1-G



**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Inmate Grievance Response**

*For distribution:  Copy of Corresponding Informal complaint resolution must be attached to this response.*

| INMATE PRINTED NAME *(Last, First M.I.)*<br>ADAMS, LAMONT | ADCRR NUMBER<br>200957 |
|---|---|
| INSTITUTION/UNIT<br>ASPC TUCSON CIMARRON 3C/23 | CASE NUMBER<br>23-056590   23-056590 |

**SUMMARY OF COMPLAINT**

This grievance was submitted on 6/26/2023 while assigned to Eyman SMUI. You state in your complaint that officers refused to bring you  the phone that you were also denied showers. You state that the conditions of confinement have been violated, that Correctional Officers neglected their duties.

**INMATE PROPOSED RESOLUTION**

Your propose that due to the policy and constitutional violations as well as the unprofessional and improper conduct that the staff in question receive 40 hours leave without pay.

**INVESTIGATIVE ACTION**

Department Order policies were reviewed in an attempt to resolve this issue.

**FINDINGS & DECISION**

Grievance case 23-057196 was submitted by you on a similar issue, neither this nor that case were not responded to by Eyman administration before your move. As part of the investigation for that response it was identified that in the last 30 days not a single successful call was made, the last successful call was on 5/2/2021.

You have been housed at Tucson Cimarron since 6/21/2023 I am unable to address or investigate any potential issues which may have occurred at another complex.

At any time a staff member's behavior is investigated for a violation of Department Order that investigation and its results are confidential and would not be shared with the aggrieved inmate.

With your move to Tucson Cimarron the issues which you claim to have experienced at Eyman SMUI have been resolved

| STAFF PRINTED NAME *(Last, First M.I.)*<br>Deputy Warden D. Morman | SIGNATURE | DATE *(mm/dd/yyy)*<br>7-14-23 |
|---|---|---|

802-2
3/2/22

1 -H



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | |
|---|---|
| RECEIVED BY | _M. Seff_ |
| TITLE | _C.I._ |
| BADGE NUMBER _18503_ | DATE (mm/dd/yyyy) _06/21/23_ |

Note: You may appeal the Grievance Coordinator's decision by filing form 802-3, within 10 calendar days of receipt of this notice.

| INMATE NAME (Last, First M.I.) (Please print) _Adams, Laurn M_ | ADC NUMBER _200957_ | DATE (mm/dd/yyyy) _6-20-21_ |
|---|---|---|

| INSTITUTION/UNIT | CASE NUMBER _23-056570_ |
|---|---|

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

The issue at hand is that the COIII Thorne failed to mention Flowith COII's COII's names, and COII Proctor at this is refusal to bring a phone to it. No more as happened. Just because you contradict my informal doesn't make your response correct and truthfully. I'd you responses aren't I wouldn't have wasted my time trying to resolve an issue - the issue we are addressing. No shower and I was denied shower. Futher more, the issue addressed is more than the phone, its condition of confinement, C.o. neglecting their job duties and being placed in condemned cells, and staff seeing this without fixing the issue. When addressed - No showers or phones or tickets are the (cut off)

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

Policy violations, constitutional violations, unprofessional and improper conduct. Accessto the court violation of people who are physically abuse in lights, Paul as in the 3 officers mentioned above. He his work without pay for devotion of duties, refusing showers, out phones (cut off)

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) _6-20-21_ | GRIEVANCE COORDINATOR'S _Thorne #8211_ | DATE (mm/dd/yyyy) _6/26/23_ |
|---|---|---|---|

Action taken by _____   Documentation of Resolution or Attempts at Resolution.

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|

DISTRIBUTION:  INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary – Grievance File

1-I   802-1.
10/16/16

Arizona Department of Corrections, Rehabilitation & Reentry

Grievance Details



# Inmate Grievance/Informal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** EYMAN/EYMAN SMU I

**Bldg/Bed:** C11 CB3C23T

## Case #:23-056590

## Informal Complaint

**Type:** Informal Response

**Date Received:** 05/25/2023 03:43 PM

**Response Author:** JOHNSON, RICHARD M

**Responded On:** 06/14/2023 03:51:13 PM

**Decision:**

## Case Details

**Case Number:** 23-056590

**Grievance Status:** Closed

## Case Data

**Prison of Complaint:** EYMAN

**Unit of Complaint:** EYMAN SMU I

**Opened Date:** 05/25/2023 03:43 PM

**Grievance Stage:** Informal Answered

**Grievance Category:** Phone

## Informal Grievance Response

**Grievance Date:** 05/20/2023 12:00:00 AM

**Issue:** Phone

**Response Due:** 06/16/2023 03:43 PM

**Responder:** JOHNSON, RICHARD M

**Response:** In response to your informal complaint 23-056590 dated 5/20/2023 and received by me on 6/14/2023. In you complaint you state that you did not get the phone on the day the phone was to be passed in your area. Per the unit clock pod 4 is to get the inmate phone on Saturdays and Wednesday is the make up day. SSU conducted a review of phone records for 5/20/2023 and the phone was used in your pod for that day. You have to request the phone from the floor Officer in order for them you pass it to your cell. You also stated that you have not received your property. Per Department Order 909 it no longer states 72 hours to receive inmate property. It now states a reasonable amount of time. On 6/6/2023 you received and signed for your property. Lastly on page 2 of your complaint you are requesting a staff witness signature. Staff are not authorized to sign an informal complaint. This matter is closed at this level.

☐ Unprocessed

**Officer's Name:** GENE THORNE

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:

• Placing a single complaint on a single inmate Grievance form.

**NOTE: If multiple unrelated issues are on a single form or if a duplicate complaint is filed, the grievance shall be rejected and returned**

1 - 5

**Arizona Department of Corrections, Rehabilitation & Reentry**

**Grievance Details**



# Inmate Grievance/Informal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS                    **Prison/Unit:** EYMAN/EYMAN SMU I

**ADC#:** 200957                                 **Bldg/Bed:** A34 WG1A430U

## Case #:23-057190

# Informal Complaint

**Type:** Informal Response

**Date Received:** 06/08/2023 01:26 PM

**Response Author:** THORNE, GENE A.

**Responded On:** 06/08/2023 01:28:17 PM

**Decision:**

# Case Details

**Case Number:** 23-057190                       **Grievance Status:** Unprocessed

# Case Data

**Prison of Complaint:** EYMAN                    **Unit of Complaint:** EYMAN SMU I

**Opened Date:** 06/08/2023 01:26 PM             **Grievance Stage:** Informal Answered

**Grievance Category:** Phone

# Informal Grievance Response

**Grievance Date:** 06/05/2023 12:00:00 AM        **Issue:** Phones

**Response Due:** 06/29/2023 01:26 PM             **Responder:** THORNE, GENE A.

**Response:** Unprocessed- Duplicate of 23-056590 response due 6/16/2023 Please allow for response. Continued multiple submissions can result in vexatious review.

☑Unprocessed

**Reason(s) not processed:**
Duplicate

**Officer's Name:** GENE THORNE

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:
• Placing a single complaint on a single inmate Grievance form.

**NOTE:  If multiple unrelated issues are on a single form or if a duplicate complaint is filed, the grievance shall be rejected and returned unprocessed.**

1-K

Arizona Department of Corrections, Rehabilitation & Reentry

Grievance Details



# Inmate Grievance/Informal Response Notice
## Non-Medical

**Inmate Name:** LAMONT ADAMS

**ADC#:** 200957

**Prison/Unit:** EYMAN/EYMAN SMU I

**Bldg/Bed:** A34 WG3B537U

Case #:23-056590

## Informal Complaint

**Type:** Informal Response

**Date Received:** 05/25/2023 03:43 PM

**Response Author:** JOHNSON, RICHARD M

**Responded On:** 06/14/2023 03:51:13 PM

**Decision:**

## Case Details

**Case Number:** 23-056590

**Grievance Status:** Open

## Case Data

**Prison of Complaint:** EYMAN

**Unit of Complaint:** EYMAN SMU I

**Opened Date:** 05/25/2023 03:43 PM

**Grievance Stage:** Informal Answered

**Grievance Category:** Phone

## Informal Grievance Response

**Grievance Date:** 05/20/2023 12:00:00 AM

**Issue:** Phone

**Response Due:** 06/16/2023 03:43 PM

**Responder:** JOHNSON, RICHARD M

**Response:** In response to your informal complaint 23-056590 dated 5/20/2023 and received by me on 6/14/2023. In you complaint you state that you did not get the phone on the day the phone was to be passed in your area. Per the unit clock pod 4 is to get the inmate phone on Saturdays and Wednesday is the make up day. SSU conducted a review of phone records for 5/20/2023 and the phone was used in your pod for that day. You have to request the phone from the floor Officer in order for them you pass it to your cell. You also stated that you have not received your property. Per Department Order 909 it no longer states 72 hours to receive inmate property. It now states a reasonable amount of time. On 6/6/2023 you received and signed for your property. Lastly on page 2 of your complaint you are requesting a staff witness signature. Staff are not authorized to sign an informal complaint. This matter is closed at this level.

⌐Unprocessed

**Officer's Name:** RICHARD JOHNSON

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:
• Placing a single complaint on a single inmate Grievance form.

**NOTE:** If multiple unrelated issues are on a single form or if a duplicate complaint is filed, the grievance shall be rejected and returned

No Response or Grievance # issued!   Duplicate
Un-processed. 6/8/23

Complaints are limited to one page and one issue.
Please print all information.   23-056590 6-07-2023
R. CASTELLO #7590

11/A/30
R.M.Adams

**Arizona Department of Corrections Rehabilitation and Reentry**

**Inmate Informal Complaint Resolution**

Under the U.S.C § 1428 The Information in this Document is the Truth!

| INMATE NAME (Last, First M.I.) (Please print) | ADCRR NUMBER | INSTITUTION/UNIT EYMAN | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Adams, Lamont M. | 200957 | SMU1 | 6-5-23 |

TO COIII Vega or whoever is replacing him for the next two weeks.

LOCATION  W 1A Pod A cell 4

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am informally trying to resolve an issue: On saturday May 20th 2023 COII Flowell #1024 8 C.OII Rockers #12575 & COII Barnes #18 employed with AZDOCRR as correctional officers refused to allow the pod of 1-A to receive the phone on our scheduled date after us having already missed one set day, a make up and another set day (Tues 15th 2023, Wednesday 16th which is make up day, and thursday 17th 2023 which is another set day. By law we are suppose to be giving a access to communicate to family and they blatantly denied us this after being pointed out to the CORRECTION Employees names mentioned above, all has stated "what can we do ?!" I get that we are breaking Federal Laws but this is coming from up top" ie meaning superior ranking staff members. Once again I am writing this document to log all of the ill treatment of human beings and the violations of our rights, furthermore hostile actions or acts being used against me, the only remedy that I seek is litigation, we haven't been giving no envelopes (pre stamped), phone calls or our tablets with our property which are never to leave our possession by policy. We are now on day seven with no access to the phone. At this time I haven't been sanctioned but disciplinary actions are being carried out upon me. I've requested staff assistance to resolve these issues and I am being denied again and again and over again. I am pro-se in my (PCR) and D.O.C staff won't even bring me my legal property which they have 7 hrs by policy and law, its been 11 days and counting since I've talked with SSU Sgt (black guy) and Lt. Vas., also the paralegal and still no results. Here, they restricted my legal research and access to the courts by not bringing me items I checked out from the resource library and legal info in my legal property. I have a receipt from the librarian - says he sent it. These conditions of confinement are inhumane and violates State & Federal laws. I have been placed in a pissy mildewed cell in which the toilet leaks and leaves puddles of water in the cell all the way to the teir that leaks to the bottom tier. staff here practices cruel

| INMATE SIGNATURE  Lamont M. Adams | DATE (mm/dd/yyyy)  6-5-23 |
|---|---|

and unusual punishment

| Have you discussed this with institution staff? | ☑ Yes   ☐ No | COII Medina (refused assistance) |
|---|---|---|
| If yes, give the staff member name: | | COIII Vega |

Distribution:   INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802.11
11/16/21

COUNT 20

1. State the constitutional or other federal civil right that was violated:
5th Amendment violation, deliberate indifference of cruel and unusual punishment of conditions of confinement.

2. Count 20. Indentify the issue involved. Check only one.
☒ Basic neccessities

3. Supporting Facts. State as briefly as possible the FACTS supporting Count 20 Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On May 20th 2023 COII Flowell#10248, I submitted an informal resolution form because I never received a response from the inmate letter. COII Flowell 10248 had denied my roomate and I a shower, condoned by COII Barnes and COII Rockers. The inital informal was never sent back with the response. Gene Thorne COW to interfere with the process sent it back (the response) as unprocessed. on 6 5 23 The inmate letter was requesting staff assistance because COII Flowell became irrate when I asked her for her name and badge#. The informal was not a duplicate but was stated that way to interfere with the exposure of the ill and inhumane treatment in Max custody practiced by the staff. COII Flowell further gave attitude when I asked about the phone. She than told the pod she will not bring the phone to the pod because of me. Than when addressed to the other staff, they than told the pod they will bring it but Cell 4 can't use it. The inmate letter was addressing the first five I pressed about COII Flowell denying us showers. The 6-5-23 informal was the second time. COII Flowells professional conduct is unethical, biased and deliberatly indifferent, furthermore, callous and neglectful

20                                              1-4

COUNT 20

Continuence:

4. Injury. State how you were injured by the actions or inactions of the Defendant(s)

    I suffered psychological, emotional, and mental distress. Deprivation of human basic needs, cruel and unusual punishment, and rashes based on the condemned cell we was housed at. The refusual of showers intensified the health conditions where I had to see medical for the hives.

5. Administrative Remedies.

| | |
|---|---|
| a | Yes |
| b | Yes |
| c | Yes |
| D | Yes |

1-B

COUNT 21

1. State the constitutional or other federal civil right that was violated:
5th, 14th and 8th Amendment violations

COUNT21 Identify the issue involved. check only one

2. ☑ Threats to safety

3. Supporting Facts. State as briefly as possible the FACTS supporting Count 21. Describe exactly what each Defendant did or didn't that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On 3-5-23 I submitted an inmate letter to the Warden (corecivic/D.O.C, Ass D. Warder of the Arizona Department of Corrections based on the chief of staff's S.S.U compromised by prison ste affiliates. Chief of staff Raez and White of SSU never responded nor resolved this security issue. The neglect and failure to acknowledge this security issue amongst the black population shows consent and deliberate indifference. To be purposely and intentionally out numbered in a prejudice, bias and racist environment orchestrated by staff and security risk teams is a breach of contact of the Department of Corrections which trains the core civic SSU and staff to enforce these practices. Being punished on May 9th 2023 after addressing the issue before I took the means to protect myself being ticket free for 5 yrs and not being involved in the irregular social norm distorted my well being. Programming, No dirty urine samples and ticket free, in College and skilled job position Under Thornell's watch I was punished and put in inhumane conditions and stripped of my well being based on racist compromised staff. I have the right to protect my liberty, life and property when the prison picks and chose who they'll enforce these rights.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s)

21

1-A

COUNT 21

Continuence: 4.

I've suffered psychological, emotional and mental distress. Deprivation of human basic needs, access to the courts, cruel and unusual punishment and due process violations of the disciplinary to cover up material facts of the security threat teams. Jeopardized security of my physical form and wellbeing

5. Administrative Remedies

| | |
|---|---|
| a | Yes |
| b | Yes |
| c | Yes |
| d | Yes |

COUNT 22

1. State the constitutional or other federal civil right that was violated:
   5th, 14th and 8th Amendment violations.

2. COUNT 22 Identify the issue involved. Check only one

   ☑ Threats to safety

3. Supporting Facts. State as briefly as possible the FACTS supporting Count 22 Describe exactly what each defendant did or did not do that violated your rights. State the facts clearly in your own without citing legal authority or arguments

   On 3-5-23 I submitted an inmate letter to the Warden Corecivic / D.O.C, Ass D Warden of the A.S.P. based on the Chief of Staff's S.S.U compromised by prison st6 affiliates. Chief of Staff Raez and White of SSU never responded nor resolved this security issue. The neglect and failure to acknowledge this security issue amongst the black population shows consent and deliberate indifference. This lead to the precautions to cause the incident on the morning of May 9th 2023 which was addressed to detectives which was intentionally Kept out the report. To be purposely and intentionally out numbered in a hostile, prejudice, bias and racist environment; orchestrated by Corecivic / A.S.P staff and security threat teams is a breach of contract of the Corecivic and department of corrections which trains the Corecivic SSU and staff to enforce these practices. Chief Raez at the time of this incident was put on investigation for a different incident but was active when this inmate letter was submitted. I was housed in Apache delta top tier 220 being the only black surrounded being left to defend myself against over 20 people (Mexicans-chicanos) all by myself if a riot was cited.

4. Injury. State how you were injured by the actions or —   1-A

COUNT 22

Continuence 4

— Inactions of Defendant(s)

I've suffered psychological, emotional and mental distress. Deprivation of human basic needs, access to the courts, cruel and unusual punishment and due process violations of the disciplinary to cover up material facts of the security threat team. Jeopardized security of my physical form and well being.

5. Administrative Remedies

|  |  |
|---|---|
| a | Yes |
| b | Yes |
| c | Yes |
| D | Yes |

22                                                                  1-B

COUNT 23

D. CAUSE OF ACTION

1. State the constitutional or other federal civil right that was violated: The 8th Amendment of the Constitution violation of cruel and unusual punishment.

2. COUNT 23
☑ Basic necessities

3. Supporting Facts. State as briefly as possible the FACTS supporting Count 23. Describe exactly what each defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On the night of May 9th 2023 my cellmate and I was placed in a condemned cell. Urine was mildewed on the bottom bunk with a mattress on top covering it. A puddle of urine on the floor. The toilet leaked whatever was being flushed down into ie urine and fecal matter. We both asked to be switched into a different cell but was neglected by all staff mentioned in prior documentation. It was brought to our attention that this cell was condemned and months prior to us being housed there many work orders was put in. This Wing 1-A Cell 4 at SMU 1. The water which was contaminated leaked all day 24/7 into the cell out to the top tier proceeding to the bottom tier. We had to inhale these contaminated fumes for 3 weeks causing me to have breathing issues (short breaths and rashes or hives breaking out on my skin. We were also denied chemicals except twice, which due to the circumstances giving chemicals and gloves to clean the contaminated water leaking out the toilet. We were denied showers and a clean human housing area being denied human basic needs. All staff neglected their response duties to resolve the issue even through our Grievances procedure

4. Injury
Neglect won of human basic needs, emotional, psychological and physical distress, mental distress and disregard for rights (constitutional) and well-being.

23                                    1-A

5. Administrative Remedies.

| | |
|---|---|
| a | Yes |
| b | Yes |
| c | Yes |
| d | Yes |

1-B

## E.    REQUEST FOR RELIEF

State the relief you are seeking:

I am seeking relief for All the emotional, physical and mental distress. Threats to my security and well being, property (all) lost, cruel and unusual punishment. I seeking restoration of property lost and seek litigation for all that I suffered under the watch and responsibility of the Arizona Department of Corrections. Money damages

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _Lamont M. Adams_____
                        DATE                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

1-C